FELIPE CARRILLO v. THE STATE.

No. 4613.  Decided October 17, 1917.

**1.—Rape—Indictment—Grand Jury.**

Where the indictment alleged that the grand jury of Cameron County, Texas, upon their oaths present in the District Court thereof at the March term, A. D. 1917, while not very explicit was in sufficient compliance with the statute, although it should have been more carefully drawn.

**2.—Same—Charge of Court—Statement of Facts.**

In the absence of a statement of facts, objections to the charge can not be considered on appeal.

**3.—Same—Race Discrimination.**

Where the question of race discrimination was presented by affidavit, and it was not shown that any evidence was offered or received by the trial court, the matter can not be reviewed on appeal.

Appeal from the District Court of Cameron.  Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape, his punishment being assessed at ten years confinement in the penitentiary.

The record is before us without a statement of facts. A motion was made to quash the indictment because it did not sufficiently allege that the grand jury which returned the bill was duly organized at a court then in session. While the indictment is rather brief in this respect, yet we think it is sufficient. That part of it complained of reads as follows: "The grand jury of Cameron County, Texas, upon their oaths, present in the District Court thereof, at the March term, A. D. 1917." It does not recite that the grand jury of Cameron County, upon their

oaths, present in the District Court thereof, that is Cameron County, at its March term. While not very explicit, we think it is a sufficient compliance with the second and third requisites of the statute prescribing the necessary ingredients of an indictment. However, we would suggest to parties drawing indictments to take sufficient time and be more explicit in their allegations. It is unnecessary to present matters of this sort to this court when a little time, patience and caution would avoid all such questions and the discussion of them.

The bills of exception largely present questions of supposed errors in the giving or refusing of charges. Without the statement of facts we are unable to review any of those matters.

Appellant files what he terms a special plea, to the effect that he is of Mexican birth, and that approximately seventy-five per cent of the qualified voters of Cameron County. are of Mexican origin; that among the seventy-five per cent there are hundreds of Mexicans who are qualified jurors, who can read and write and understand the English language, and that this case is particularly a case in which the manner and customs of the Mexican people will be determinative of his punishment, if he be guilty of the offense with which he is charged, yet in spite of the great preponderance in number of the qualified Mexican jurors over the American qualified jurors in the county, there was not a member of the grand jury which found the indictment in this cause a man of Mexican birth, and in the special venire summoned from the jury list to try this cause, there appears only one name of a man of Mexican birth, towit: Julian Villareal, and that the failure on the part of the jury commissioners to duly select qualified persons of Mexican birth to serve as grand and petit jurors, is a discrimination in drawing the special venire and in the selection of the grand jury, in violation of constitutional amendments 14 and 15 of the Constitution of the United States, and is an injury by reason of which he has been deprived of his constitutional rights. It is not shown that the question was ever presented to the court, otherwise than as stated by this affidavit of the defendant, and it is not shown that any evidence was offered or received by the court, and, therefore, the matter can not be reviewed by this court. As the question is presented we are unable to revise it, and, therefore, the question is not further noticed.

As the record presents the case we are of opinion that the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*