## BOB DESHAZO V. THE STATE.

No. 9182.   Delivered Oct. 28, 1925.

Rehearing denied Jan. 27, 1926.

**1.—Possessing Intoxicating Liquor—Evidence of Sales—Properly Admitted.**

Where, on a trial for possession of intoxicating liquor for the purpose of sale, one of the elements of this offense being the purpose of sale, and as affecting this question, it was permissible for the state to prove sales reasonably near the time of the alleged possession, and there was no error in permitting the witness to testify that some months before the finding of the liquor, mash, etc., he with another party went to appellant's house, and both of them purchased intoxicating liquor, witness buying five quarts from appellant for which he paid him $12.50.

**2.—Same—New Trial—Properly Refused.**

Where it was made to appear on the hearing of appellant's motion for a new trial, that one of the jurors on his present trial had sat as a juror on the trial of the same case a year previously, and it further appearing that the juror did not remember having sat as a juror on the former trial, and no questions were propounded to him on his voir dire examination to elicit the fact, and no challenge offered by appellant, he was not entitled on this ground to a new trial. While Art. 695 C. C. P. sets forth that the grounds for challenge under the 3rd, 4th and 5th clauses cannot be waived, the former service as a juror in the same case does not come within either of these clauses, being merely a ground for a challenge, for cause.

ON REHEARING.

**3.—Same—Continuance—Second Application—Properly Refused.**

Where, on a second application for a continuance, no diligence is shown to secure the attendance of the absent witness, the continuance is properly refused. The burden is on the accused to make an affirmative showing of the diligence used by him, to procure the presence of his witness and if he fails to use that diligence prescribed by the statute, he is not entitled to the continuance. See Harvey v. State, 38 Tex. Crim. Rep. 306; Harvey v. State, 35 Tex. Crim. Rep. 545; Hill v. State, 18 Tex. Crim. Rep. 665.

**4.—Same—Evidence—Of Sales—When Admissible.**

Where, on a trial for manufacturing intoxicating liquors, or where there is no issue as to the purpose of the possession of the intoxicating liquor, evidence of sales made by appellant are not as a general rule admissible, but where the sales proven, are not too remote, and are pertinent in showing the purpose for which the liquor is in possession, they have been held to be admissible, distinguishing Johnson v. State, 266 S. W. 155, and Roark v. State, 276 S. W. 242.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Seale & Denman* of Nacogdoches, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nacogdoches County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at one year in the penitentiary.

The state introduced two witnesses, one of whom testified that in July he and a party found in appellant's yard and garden and around the premises three kegs of whiskey, containing in all approximately twelve gallons. The kegs were secreted at various places. They also found in a shed which was boxed up and covered, several barrels of mash capable of being converted into whiskey. The other witness testified that some months before the finding of the liquor, mash, etc., above referred to, he with another party went to appellant's house and both of them purchased intoxicating liquor, witness buying five quarts from appellant for which he paid him $12.50.

Appellant complains of the reception of the testimony of the last mentioned witness. It was competent for the state to prove sales of intoxicating liquor by appellant at times sufficiently near to shed light on the purpose of the instant possession of the quantity of liquor had by appellant. One of the elements of the offense charged was the purpose of sale, and as affecting this question it was proper for the state to prove sales reasonably near the time of the alleged possession. We think the evidence admissible.

There are other bills of exception which have been examined by us and in none of which do we find any error, nor are the questions such as that a discussion of them would be of any value.

In his motion for new trial appellant set up the fact that he discovered after the trial that one of the jurors who sat in this case, had served in a former trial of the same case the preceding year. Said juror with others were witnesses on the hearing of the motion. None of them testified to any reference made, during the consideration of the case, by juror Ballard to the former trial, or any of the facts therein testified to or its result. Mr. Ballard testified that he served on the jury a week during the preceding year and that seven criminal cases were tried, in five of which he sat on the jury; that all the

parties were strangers to him, and that he did not charge his memory with any of them and had now no recollection of the facts or who the witnesses or parties were in any of them. He said that as far as Mr. Deshazo was concerned he had no recollection of ever having seen him. Questioned as to what he said on his voir dire in this trial, he replied that he answered as did the other jurors, that he had no opinion in this case and that as far as he knew this was the truth. He further stated that hearing the witnesses did not recall the former trial, and that after the jury retired he was for acquittal, and was one of the last men to agree to a conviction, and only did so agree in case the other jurors would come to the lowest penalty, which was that finally stated in the verdict. Art. 692 of Vernon's C. C. P. sets out in particular the grounds of challenge for cause to a juror, one of which is that he served on a petit jury in a former trial of the same case. Art. 695 of said C. C. P. sets forth that the grounds of cause for challenge in third, fourth or fifth clause as set out in preceding articles, cannot be waived. Former service in the same case is not either the 3rd, 4th or 5th ground in Art. 692, supra. Without intimating that it is true of this case, suppose. the attorneys for the accused at his former trial should learn that one of the jurors who sat in said former trial had had a change of heart, and upon his being offered as a talesman in a succeeding trial should conclude that they would take him and say nothing about his former service. We do not think it would be contended but that they might do this if they desired. We would hardly think it likely in any case that the attorneys for a man charged with crime would want to challenge a juror in advance if they knew he was for acquittal. The record in this case shows that part, if not all, of the same attorneys who represented appellant on this trial, were defending him on the former trial. Appellant himself testified that he did not remember Mr. Ballard as one of his former jurors. The record does not show any question to the juror on his voir dire, as to his former service. The clerk's office contained a list of jurors who served on the former trial. Appellant's attorneys not having asked any question of the juror, and nothing appearing in the record to indicate any fraudulent purpose on the part of said juror, or any injury to appellant, we hold that the objection, if any, was waived.

No error appearing in the record, the judgment will be affirmed.                                        *Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an interesting motion reviewing various contentions made by him which were passed on in our original opinion. He also raises the point that we did not pass upon his bill of exceptions complaining of the refusal of a second application for a continuance. Said application was based on the absence of three witnesses and was filed September 15, 1924, and by its terms showed that subpoena had been issued for said witnesses in October, 1923. Said bill is qualified by the learned trial court with the statement that no diligence appeared, as the court had been in session since September 1, 1924, and no attachments had been asked for said witnesses. Admitting that following appellant's conviction in October, 1923, an appeal and reversal of the case was had in June, 1924, and that the case was back upon the docket of the trial court at the September term, 1924, and that said court had been in session since the first of September and no additional process had been asked for said witnesses up to the time the case was called for trial, this would seem to demonstrate the correctness of the qualification appended to said bill by the trial judge. We think the application fails to show diligence. The burden is on the accused to make an affirmative showing of the diligence used by him to procure the presence of his witnesses. If they are not present on the day set apart for the call of the criminal docket and the setting of the cases for trial, it becomes his duty to procure the issuance of alias process, and if the witnesses have been subpoenaed and fail to be present at such time, the accused would be entitled to an attachment for them. Henry v. State, 38 Tex. Crim. Rep. 306; Harvey v. State, 35 Tex. Crim. Rep. 545; Hill v. State, 18 Tex. Crim. Rep. 665.

Appellant cites the cases of Johnson v. State, 266 S. W. Rep. 155, and Roark v. State, 276 S. W. Rep. 242, as opposed to our holding that the testimony as to sales made by him of intoxicating liquor several months before the date of the alleged possession for the purpose of sale, was competent. There was no question of intention or purpose in either of the cases cited. Same were charges of manufacturing intoxicating liquor and we held that proof of separate disconnected transactions shed no light upon any issue properly arising in such cases. Our holdings there have no relation to the principle here involved. This court has always held that in cases where the intent or purpose in a given transaction becomes a material issue, that it

is proper to prove other offenses or transactions which shed light upon such purpose or intention. When one is charged with the possession of intoxicating liquor for the purpose of sale and there is proof of the possession of such liquor, his intent becomes an issue. Upon such issue, antecedent sales of intoxicating liquor may become relevant when not too remote in point of time or relationship to the transaction under investigation. In the present instance, the court having received the testimony, which might under some circumstances be admissible, it devolved upon the appellant, by his bill of exceptions, to show that the ruling was wrong. The bill of exceptions relied upon in the present instance is not sufficiently specific in the facts set out to overcome the presumption that in receiving the testimony the trial court was not within the rules of evidence.

We do not think we can add anything to what we said regarding the qualification of juror Ballard in our former opinion. Appellant cites the case of Willis v. State, 9 Tex. Crim. App. 298, but it presents no question of the waiver of the right of the accused to object, or of the willilngness to take a juror who had formerly sat in the same or similar trial. Said case presented on the appeal the proposition that appellant objected in the court below and tried in every way he could to rid himself of the juror deemed by him objectionable. No such facts appear in the record before us.

Being unable to agree with the contentions made, the motion for rehearing will be overruled.                    *Overruled.*