## C. McAnally v. The State.

No. 13467. Delivered June 18, 1930.
Rehearing denied October 15, 1930.
Reported in 31 S. W. (2d) 443.

The opinion states the case.

*W. R. Parker* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

We find no brief on file for appellant. There are two bills of exception. The first complains of the fact that a juror was permitted to sit in the trial of appellant who had been a juror sitting in the trial of another man charged with the same offense, who was tried on the same day and prior to the instant trial. We have carefully

examined the testimony heard in connection with the motion for new trial upon this point. The same attorney represented each of the defendants in said cases. The juror in question was not asked any individual question which it is claimed that he answered falsely. No question was asked said juror apparently calling for any statement that he sat upon the other case. The juror did state that he had no opinion about the guilt or innocence of this appellant. There was no controversy made upon this trial of the fact that there was a large quantity of mash and whiskey and a still found by the officers upon the premises occupied by the party who was first tried. The only defensive issue appearing in this case is one which was not in the other case, viz.: that appellant had no connection with the manufacture of said intoxicating liquor so found by the officers, but that he was in fact only a hired hand employed to do farm work on the premises. It further appears from the statement of facts that in the retirement of the jury, the juror referred to took no part in the discussion of the case, and made no reference to anything that he might have heard upon the trial of the other case. We do not think the record shows the juror to have been guilty of any wrongdoing, nor that any possible injury could have resulted by reason of his being on the jury. The lowest penalty was inflicted.

The other bill of exception sets out that after appellant had taken the witness stand and testified that he had no connection with the manufacture of the intoxicating liquor in question, but that he was employed the day before his arrest to work as farm hand upon the farm belonging to the party who had engaged him, and that his presence in and around the barn on the day of the raid was the result of his employment as such farm hand,—he was asked by the State on cross-examination if he was not present at a still near Fort Worth which blew up and injured him. This was objected to, but when the objection was overruled the appellant answered the inquiry in the negative. Without discussing the question of the admissibility of the testimony had same been answered affirmatively, we are of opinion that no injury was possible from the question asked, the fact embraced in the question being denied. We think the evidence sufficient to justify the jury in concluding appellant was not a farm hand, but that he was engaged as a principal with others in the manufacture of intoxicating liquor at the time and place charged.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we said a co-defendent was tried on the same day or the day preceding the trial of appellant. This was an error. The other man tried was Graves; his trial was at the same term of court but during the week preceding trial of this case. We make this correction, not desiring to inferentially reflect upon appellant's counsel for failing to recognize the juror on his second appearance.

We have re-examined the first bill discussed in our original opinion, and the evidence heard in support of the complaint therein on motion for new trial. We think our former disposition of the question was correct on the grounds then assigned. See DeShazo v. State, 104 Tex. Cr. R. 511, 284 S. W. 561.

There is another ground to which we call attention. By the recitals in the bill it is apparent that knowledge of the fact that a juror in the present case had also served in Graves' case came to appellant after the evidence had all been introduced in this case, but apparently before argument, and hence before any verdict was returned. No objection was then interposed to proceeding with the trial on account of the juror in question. It has been held many times that if a defendant accepts a juror knowing that he has an opinion, or is otherwise objectionable and subject to challenge for cause, he cannot afterward complain that the juror was not fair and impartial for the very obvious reason that by waiving the objection accused takes a chance on the juror's verdict, and cannot be heard to complain if it is adverse. (See Lowe v. State, 88 Tex. Cr. R. 316, 226 S. W. 674, and authorities cited therein.) In Hughes v. State, 60 S. W. 562, it was discovered while evidence was being submitted that a juror was thought to be biased on account of some expressed opinions regarding the case. Immediately upon the discovery appellant took steps to protect himself. We quote from the opinion.

" * * * we furthermore hold that appellant used due diligence in presenting this motion to the court at the earliest opportunity. While the trial was still pending, as soon as he ascertained the fact of the juror's expressions against him, he made a motion to suspend the trial and discharge the jury and impanel another. *While this was correct practice, it was overruled by the court: and as has been stated, he again raised the question on motion for new trial.*"

The juror persistently claimed upon the hearing of the motion for new trial that he had formed no opinion as to appellant's guilt upon the trial of Graves; but conceding that he may have done so, it was

appellant's duty to complain promptly upon discovering that the juror was probably objectionable. If the juror had an opinion it was no absolute disqualification such as those mentioned in Sub-divisions 3, 4 and 5 of Articles 616 and 619 C. C. P., but it might have been the basis for a challenge for cause which appellant could waive. If he had accepted the juror in the first instance with knowledge that he had an opinion unquestionably he would be estopped from complaining later on such ground; if he ascertained it during the trial due diligence would demand that he then complain and not take chances on the verdict. The state could not take steps to relieve the situation because jeopardy had attached; it was only through appellant's action in requesting that the jury be discharged that this question of jeopardy could have been avoided.

The motion for rehearing is overruled.

*Overruled.*