A. C. MURRAY V. THE STATE.

No. 17587.   Delivered May 22, 1935.
Rehearing Denied October 23, 1935.

The opinion states the case.

*Jno. A. Ballowe,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for conspiracy to commit arson; punishment, two years in the penitentiary.

The facts show that appellant conspired with one Hutto, to set fire to a building belonging to appellant which was insured. Appellant is shown to have paid Hutto $50.00, and had argeed to pay him $50.00 more. When the case was called for trial appellant filed an application for a suspended sentence, and entered his plea of guilty to this offense. The jury found appellant guilty, gave him the lowest penalty for the offense, but declined to recommend the suspension of his sentence, hence this appeal.

During the trial appellant presented to the court a request for a special charge instructing the jury not to consider the argument of the assistant district attorney. As far as we can tell from the record before us the court declined to give the special charge, which is set out, but if any exception was then taken to such action of the court it fails to appear.

Appellant also asked special charge No. 2 seeking to have the jury told not to consider, refer to or give credence or weight to the testimony of two witnesses who testified to verbal statements made to them by the accused concerning the

origin and cause of the fire. The court declined to give this special charge, to which action the appellant excepted, and brings the matter forward in a bill of exceptions. Appellant seems to rely for his authority, in support of his complaint of this testimony, upon Art. 4899 of the 1925 Revised Civil Statutes of Texas, inspection of which shows that it has reference only to civil actions and not in any way to criminal actions. Special charge No. 3, which was also refused, sought to have the jury instructed that the testimony of one of the same parties was withdrawn, but we uphold the action of the court in declining to give this special charge for the same reason above advanced. For the same reason we find nothing in appellant's bill of exceptions No. 4. The article of the civil statutes referred to can have no application to the admissibility of testimony in a criminal case.

Appellant's bill of exceptions No. 5 complains of the overruling of the motion to quash the indictment. The motion was sustained in part and overruled in part. The indictment charged the accused with the offense of arson in the first count, and in the second count with the offense of conspiracy to commit arson. The second count alone was submitted. We find no error in the action of the court in overruling appellant's motion to quash.

Being unable to agree with appellant that any of his complaints contain merit or bring forward anything requiring reversal, the judgment is affirmed.

*Affirmed.*

Morrow, P. J., absent.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The claim of the defendant in his motion for rehearing that the indictment was defective in failing to show that it was returned in a duly organized court then and there in session is not deemed tenable. In the case of Carrillo v. State, 197 S. W., 998; an averment in the indictment similar to the one in the present instance was upheld by this court.

The point made in the motion that the testimony of the Investigator from the Fire Marshal's Office should be disregarded, was, we think, correctly dealt with in the original opinion in holding that Article 4899, Revised Civil Statutes, 1925, does not apply to criminal but only to civil actions. On

the subject, see Niagara Fire Insurance Company v. Pool et al., 31 S. W. (2d) 850.

In his voluntary statement appellant admitted that he had employed another to burn his house. He entered a plea of guilty and received the minimum penalty for the offense. Appellant having entered a plea of guilty and given incriminating testimony upon the subject of his guilt, was not injured nor were his rights transgressed in the refusal of the court to withdraw his confession. See Govance v. State, 2 S. W. (2d) 853; Parker v. State, 91 Texas Crim. Rep., 68; Scharff et al. v. State, 99 Texas Crim. Rep., 605.

The motion for rehearing is overruled.

*Overruled.*