**Ex parte Pamela Hutto LOFFLAND.**

**No. 2–84–013–CR.**

Court of Appeals of Texas, Fort Worth.

April 18, 1984.

Rehearing Denied May 16, 1984.

Zachry, Kearney, Hill, Shaw & Beatty and Tom L. Zachry and Jeff Kearney, Fort Worth, for appellant.

Mac Smith, Dist. Atty., and Dan Carney, Asst. Dist. Atty., Weatherford, for appellee.

Before JORDAN, ASHWORTH and HILL, JJ.

## OPINION

ASHWORTH, Justice.

This is an appeal from an order denying habeas corpus relief.

At her habeas corpus hearing, appellant presented evidence that she was indicted for murder in Parker County, Texas, and the cause was transferred on a change of venue to the 271st District Court of Jack County, Texas. The cause proceeded to trial on December 5, 1983, and on the morning of the third day of trial, Judge Harry Hopkins granted a defense motion for mistrial. The motion was based upon the fact that Judge Hopkins had failed to obtain a written order assigning him to preside in the case in the 271st District Court of Jack County in place of the duly elected judge of the 271st District Court, Judge John Lindsey.

The cause was reset for trial in the 271st District Court on January 23, 1984. Appellant filed an application for writ of habeas corpus based on her claim of double jeopardy which was heard by Judge Lindsey. Judge Lindsey denied habeas corpus relief, finding that Judge Hopkins had no intent to provoke the defense into requesting the mistrial. Appellant appealed the trial court's ruling to this court.

We affirm the judgment of the trial court.

■■■■ A defendant may raise and appeal a double jeopardy claim prior to trial of the indictment attacked and the proper procedural avenue is by writ of habeas corpus pursuant to TEX.CODE CRIM.PROC. ANN. art. 11.07 (Vernon Supp.1984), *Ex parte Robinson*, 641 S.W.2d 552 (Tex.Crim. App.1982). In *Robinson*, the Court of Criminal Appeals held "that there is a Fifth Amendment right not to be exposed to double jeopardy, and that it must be reviewable before that exposure occurs." *Ex parte Robinson, supra* at 555. Therefore, appellant has employed the proper procedure to make her double jeopardy claim and this Court has jurisdiction of the appeal.

The evidence adduced at the hearing on appellant's writ of habeas corpus showed that appellant was indicted for murder in Parker County. The cause was transferred on a change of venue from the 43rd Judicial District Court of Parker County, presided over by Judge Harry Hopkins, to the 271st District Court of Jack County, presided over by Judge John Lindsey. Judge Hopkins moved with the cause and presided at the trial which commenced on December 5, 1983. At the end of the second day of trial and after testimony had begun in the case, Judge Hopkins, while driving home, realized that he had not received a formal assignment from Judge Charles Murray, the Administrative Judge of the district, to preside over the trial in place of Judge Lindsey.

Judge Hopkins contacted Judge Murray by telephone early the following morning and discussed the problem with him. After talking with Judge Murray, Judge Hopkins apparently believed that failure to obtain a formal assignment rendered the proceedings held thus far in the cause null and void.

Prior to commencement of trial on the morning of the third day of trial, Judge Hopkins called all the attorneys in the case into his chambers and informed them of the problem. The discussion in chambers among the attorneys and Judge Hopkins was not reported. The evidence is conflicting as to who said what, since each person involved has a different recollection of what transpired; however, it is clear that the general consensus was that the problem was jurisdictional. No one asked for time to research the problem. After the short discussion in chambers which lasted approximately fifteen minutes, defense counsel conferred with the appellant. Appellant and the defense attorneys returned to the Judge's chambers with the court reporter, who recorded the following proceedings, which were subsequently introduced at the habeas corpus hearing:

THE COURT: Let the record reflect that it has come to the attention of the Court that there has never been a formal assignment filed with the clerk of this Court assigning me to the 271st District Court to try this case; and that in the presence of the defendant and the attorneys for the defendant and the State, the Court is calling this to the attention of the attorneys.

MR. ZACHRY [Defense Counsel]: Your Honor, at this time we'd ask for a mistrial.

THE COURT: I have no alternative but to grant the defendant's motion for mistrial.

You understand, Mrs. Loffland, what the situation is, that what we've done up to now has been without authority and that to proceed on with this trial would be a nullity and that your attorneys are asking to declare what we've done a nullity, a mistrial and that's it. Do you agree with that?

THE DEFENDANT: Yes, sir.

THE COURT: I don't know anything else to do. My apologies—I'm going to apologize to everybody concerned as Judge of the Court.

MR. MAC SMITH: No apologies necessary, Judge.

THE COURT: The responsibility lies with me.

(The following proceedings were had in open court in the presence of the jury:)

\* \* \* \* \* \*

THE COURT: Good morning, ladies and gentlemen of the jury once again.

As the fellar [sic] once said, I've got some good news and some bad news. It has come to my attention that the administrative function of formally assigning me to the 271st Judicial District Court to try this case was not completed prior to the beginning of this trial.

I have made this fact known to the attorneys. As Judge of the Court in whose case this was filed, it is my responsibility in the final analysis to have seen that this was done and I accept the responsibility that it was not done.

After having made this known to the attorneys and to the defendant in this case, the defendant exercised their privilege of requesting that a mistrial be declared, which was joined in by the defendant herself. And I have no alternative but to declare a mistrial.

I wanted to make my apologies to you, members of the jury, and also the Court staff, and everyone concerned, the attorneys especially, and the defendant of this administrative error. I regret it, but better that we find out after two days than after two weeks and that we'd have to do it all again.

So all I can say is: You will be paid for time that you have been here, including today, by Parker County, and I wish you a happy holiday season, and I regret that this error occurred. You're discharged. You are free from any and all instructions that you may have been previously given.

Judge Lindsey denied habeas corpus relief, stating as the basis of his ruling the following findings of fact:

[THE COURT]: From the evidence I find that there is no evidence of bad faith conduct by the Judge which was intended to provoke a mistrial.

I further find that there is no evidence of intentional misconduct or gross negligence on the part of the trial judge to provoke the mistrial.

I find no judicial overreaching through gross negligence or intentional misconduct causing the Defendant to reasonably conclude that a continuance of the tainted proceedings would result in a conviction.

And I further find that the Court acted in—That the Court in its actions informed the Defendant and the Defendant's attorney of the Court's failure to have a proper written assignment to the case filed before the trial began was not motivated by bad faith or over—on the part of the trial Judge or undertaken to harass or prejudice the rights of the Defendant.

And I further find that the Court's action in informing the Defendant's counsel and the Defendant of his failure to procure the proper legal assignment and file it before trial, that that action was not intended by the Court to provoke the Defendant into moving for a mistrial or to—Yes, to provoke him into—To provoke the Defendant, Mrs. Loffland, into moving for a mistrial.

■ A criminal defendant cannot be twice put in jeopardy for the same offense. U.S. CONST. amend. V; TEX.CODE CRIM.PROC.ANN. art. 1.10 (Vernon 1977). In a jury trial, jeopardy attaches when the jury panel is empanelled and sworn to try the case. *Torres v. State*, 614 S.W.2d 436 (Tex.Cr.App.1981) and cases cited therein. Once jeopardy attaches, the defendant possesses a valued right to have his guilt or innocence determined by the jury impanelled. *Torres v. State, supra.* A narrow exception is made to this rule where a mistrial is declared upon the request of the

**394**

defendant. *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *Torres v. State, supra.* The test to be applied on review where the defendant has successfully moved for a mistrial was set out by the United States Supreme Court in *Oregon v. Kennedy* as follows:

> We do not by this opinion lay down a flat rule that where a defendant in a criminal trial successfully moves for a mistrial, he may not thereafter invoke the bar of double jeopardy against a second trial. But we do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

Appellant contends on appeal that the conduct of the trial court provoked the defense to request a mistrial. Appellant argues that the trial court's indication that in his opinion the proceedings in the trial were a nullity and without authority provoked the appellant to ask for a mistrial, and that the court's reason and motive for so doing was to lessen the embarrassment to the judge that would be occasioned by a continuation of what he considered to be a trial without his authority to act as judge. We find no merit to appellant's contention.

■ The trial judge presiding at the habeas corpus proceeding found no intent on the part of the trial judge to provoke the mistrial, no evidence of bad faith conduct by the trial judge, no evidence of intentional misconduct or gross negligence on the part of the trial judge, and no judicial overreaching. These findings are overwhelmingly supported by the record. Clearly, Judge Hopkins and the attorneys for the State and defense erroneously believed that Judge Hopkins' failure to obtain a formal assignment was a jurisdictional error. The fact that it was later learned that such error did not render the trial judge without authority to preside at trial is irrelevant to the issue before us. *Floyd v. State,* 488 S.W.2d 830 (Tex.Cr.App.1972),

*Pendleton v. State,* 434 S.W.2d 694 (Tex. Cr.App.1968).

 Inasmuch as there is no evidence of any intent on the part of the trial judge to provoke the appellant into moving for mistrial, we hold that the Fifth Amendment doctrine of double jeopardy will not be violated by retrial of appellant in this cause.

The order denying habeas corpus relief is affirmed.