**Del DISHONGH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–85–612–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 2, 1986.

Ray Bass, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Vic Wisner, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

This is an appeal from a denial of relief in a habeas corpus proceeding. In a single ground of error, appellant complains that the trial court erred in refusing to bar further prosecution of Cause No. 805,452, in which appellant was charged with driving while intoxicated, because prosecutorial

misconduct forced appellant to move for a mistrial. Appellant argues that further prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We affirm the trial court's denial of relief.

While on patrol on August 5, 1984, Harris County Deputy Sheriff R.M. Richards and his partner observed what appeared to be a major accident involving three automobiles. Appellant was the driver of one of the vehicles. When Deputy Richards approached appellant's vehicle, he observed her attempting to restart it. The deputy asked her where she was going, and she replied that she was "going home."

Before jury voir dire was conducted, the trial court ordered the state to approach the bench with defense counsel for a hearing, outside the presence of the jury, to consider appellant's Motion in Limine regarding any testimony concerning what appellant allegedly said at the scene of the accident. The prosecutor did not object to the terms of this Motion in Limine.

During his opening statement to the jury, the prosecutor indicated that he intended to call Deputy Richards as a witness. He expected Deputy Richards to testify that the first vehicle he reached was that of appellant, that he observed appellant attempt to put the vehicle in park and restart it, and *that appellant told Deputy Richards at that time that she was going home.* Appellant's counsel objected to this portion of the state's opening statement and requested a mistrial. The trial court granted the mistrial. Appellant thereafter filed a motion entitled "Plea of Jeopardy or in the Alternative Application for Writ of Habeas Corpus." A habeas corpus hearing was held and relief was denied.

The issue before this court is whether the prosecutor intended to provoke appellant into moving for a mistrial. In *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), the Supreme Court held that:

the circumstances under which such a defendant [one who successfully moves for a mistrial] may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

*Oregon v. Kennedy*, 456 U.S. at 679, 102 S.Ct. at 2091. *See also Ex parte Loffland*, 670 S.W.2d 390 (Tex.App.—Fort Worth 1984, pet. ref'd).

Our review of the record reveals no intent on the part of the prosecutor to "goad" appellant into moving for a mistrial. Rather, the testimony at appellant's habeas corpus hearing reveals a misunderstanding on the part of the prosecutor as to the meaning and extent of the Motion in Limine. The prosecutor testified that he did not intentionally violate the court's order. He believed at all times that appellant's statement was admissible and, therefore, not subject to the Motion in Limine. In retrospect, he conceded that perhaps he should have excluded the statement if "common sense and better judgment" had prevailed. He denied appellant's allegations that he and his co-counsel, the chief prosecutor in the trial court, intended to provoke a mistrial because they were unhappy with the jury. The prosecutor testified that he was happy with the jury and that the chief prosecutor did not express reservations about the jury until *after* the mistrial was granted. The chief prosecutor's testimony was substantially identical. Discussions concerning the make-up of the jury and the fact that the state would probably be better off with a new jury occurred subsequent to the granting of the Motion for Mistrial. We do not believe the evidence in this case reveals that the prosecutor *intended* to provoke a mistrial by his actions.

Appellant focuses this court's attention to the case of *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), in support of her argument that the prosecutor's action amounted to, at the least, gross negligence and that further prosecution is therefore barred. However, in view of the Supreme Court's explanation

in *Oregon v. Kennedy* that the broader standard of *Dinitz* and earlier cases proved unmanageable and in view of the test expressly set out in *Oregon v. Kennedy*, we find the *Dinitz* case inapplicable.

Since there was no evidence of any intent by the prosecutor to provoke a mistrial, we overrule appellant's ground of error and affirm the judgment of the trial court.