**Lekeith Reenard BEASLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00952–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 7, 1988.

Rehearing Denied Jan. 28, 1988.

Henry Burkholder, III, Houston, for appellant.

John Holmes, Dist. Atty., Timothy G. Taft, Asst. Dist. Atty., for appellee.

Before EVANS, C.J., and SAM BASS and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

A jury found appellant guilty of burglary of a motor vehicle, found an enhancement

paragraph true, and assessed punishment at nine years confinement.

■ In point of error one, appellant contends the trial court committed reversible error in refusing to permit him to enter his plea in bar on double jeopardy grounds.

Upon his own motion, appellant's first trial ended in a mistrial. At his second trial, appellant presented to the court a verified plea in bar that asserted that his mistrial request was provoked by prosecutorial misconduct. Appellant contended in his plea that the prosecutor failed to disclose that certain items were discovered during an inventory search of his car and that he was surprised when a State's witness testified regarding the discovery of these items at trial.

■ Where a defendant has successfully moved for a mistrial, he may invoke the bar of double jeopardy in a second trial only when the judge or prosecutor intentionally provokes the defendant into moving for a mistrial. *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *Ex parte Loffland*, 670 S.W.2d 390 (Tex. App.—Fort Worth 1984, pet. ref'd). Absent any prosecutorial or judicial overreaching, however, a defendant's motion for mistrial is ordinarily assumed to be no bar to reprosecution, even if the motion is necessitated by prosecutorial or judicial error. *Fields v. State*, 627 S.W.2d 714 (Tex. Crim.App.1982), *cert. denied*, 459 U.S. 841, 103 S.Ct. 91, 74 L.Ed.2d 84 (1982); *Chvojka v. State*, 582 S.W.2d 828 (Tex.Crim.App. 1979).

At the hearing on the motion for mistrial, the prosecutor testified that the State had an "open file" policy with defense counsel prior to trial. He stated that at the time defense counsel inspected the file, he did not know that items had been recovered from appellant's vehicle. He also testified that he had learned of this evidence the day before trial, but that he had not informed appellant of its existence because he felt he had no legal duty to do so under the "work product" exemption. The trial court concluded that, in the interests of justice, the prosecutor should have informed appellant of the evidence because appellant believed that all discoverable evidence was in the open file.

■ A defendant in a criminal case does not have a general right to discover evidence in the possession of the State prior to the introduction of the evidence at trial. *See Quinones v. State*, 592 S.W.2d 933, 940 (Tex.Crim.App.1980). Upon proper motion by the defendant, the trial court can, in its discretion, order the State to produce certain evidence in its possession for copying and inspection. Tex.Code Crim.P.Ann. art. 39.14 (Vernon 1979).

We find that the court did not err in refusing to allow the plea in bar to be read before the jury because there was no evidence that the prosecutor intentionally withheld the evidence from defense counsel in order to provoke a mistrial request. Here, appellant made no motion for discovery; thus, the prosecutor was not required to notify appellant regarding the existence of the inventory report. In disallowing the plea in bar, the court stated that it granted the motion for mistrial to allow for discovery and not because of prosecutorial misconduct. Without evidence of intentional prosecutorial misconduct, there is no fact question for the jury. *Fields v. State*, 627 S.W.2d at 721; *cf. Collins v. State*, 640 S.W.2d 288 (Tex.Crim.App.1982) (where prosecutor's intent was fact question for jury because there was some evidence prosecutor intended to ask objectionable question).

Appellant's first point of error is overruled.

■ In point of error two, appellant contends that the court reversibly erred in failing to suppress the fruits of the inventory search of his automobile because the State failed to show that there was a reasonable relationship between his arrest and his vehicle. Because the search was made without a warrant, the State has the burden of proving its reasonableness. *DeLao v. State*, 550 S.W.2d 289 (Tex.Crim.App. 1977).

■ Before an inventory search of an automobile is lawful, there must be a law-

ful impoundment. *Benavides v. State*, 600 S.W.2d 809 (Tex.Crim.App.1980). An impoundment is lawful if, after the driver's custodial arrest, there are no other alternatives available to protect the vehicle. *Id.* at 811.

■ The record reflects that appellant told Deputy Schultea, the arresting officer, that he was at the apartment complex visiting an aunt, who lived at a certain apartment unit. Schultea went to the apartment number provided by the defendant, but found it vacant. He then checked all the neighboring apartments and found all but one vacant. The residents of the occupied apartment were not related to appellant.

Schultea testified that after he arrested appellant, he searched appellant and found a set of keys. Appellant told the Schultea that they were the keys to his automobile, which was parked two cars away from the complainant's automobile. Schultea testified that, in accordance with the Sheriff's Department policy, appellant's vehicle was then impounded because there was no one at the scene to whom the vehicle could be released, and the security guard, as representative of the property owner, wanted the vehicle removed from the apartment grounds. Appellant also testified that he did not have a friend or relative at the apartment to take the car.

We find that under the circumstances surrounding the arrest, the deputy's entry into appellant's automobile was reasonable and the inventory was authorized in order to protect the vehicle.

Appellant's second point of error is overruled.

■ In three points of error, appellant complains of the jury charge on the law of parole, given pursuant to Tex.Code Crim.P. Ann. art. 37.07, sec. 4 (Vernon Supp.1987), and to which he objected at trial. In point of error three, he asserts that art. 37.07, sec. 4, is unconstitutional and his conviction should be reversed because it was based on that statute.

The Court of Criminal Appeals has recently held that art. 37.07, sec. 4, and any instruction in the jury charge given pursuant to this statute is unconstitutional. *Rose v. State*, No. 193–87 (Tex.Crim.App., November 12, 1987) (not yet reported). But the court noted that although it is error to give the instruction, the error is not automatically reversible, and must be analyzed under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). *Rose*, at ——. If there was a timely objection in the trial court, as here, reversal is required unless the error is harmless. *Id.* at 171. The actual degree of harm must be assayed in the light of the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information in the record. *Id.*

In point of error six, we have found the evidence sufficient to support appellant's conviction. Thus, our review of the harm will focus on the penalty stage of trial where the error occurred.

At the punishment phase, the State introduced evidence that appellant was convicted of auto theft and sentenced to a $500 fine and three years probation, which was later revoked after a second conviction for auto theft. Appellant was then sentenced to two years confinement to run concurrently with the first sentence. Appellant pled "true" to an enhancement paragraph alleging the first conviction.

During the jury argument, the prosecutor argued for the maximum sentence and began to explain the parole charge. He remarked that the award of parole might reduce the length of time for which a defendant is imprisoned. Appellant voiced an objection that was overruled. The prosecutor then added that the charge further provided that jurors are not to discuss among themselves how long appellant would actually be required to serve.

We find that under the *Almanza* analysis, any error in the jury charge was harmless. There is no evidence in the record that the charge denied appellant a fair and impartial trial by influencing the jury to enhance his punishment. Appellant, a recidivist with two prior admitted theft offenses, received nine years confinement out of a possible punishment of two to 20 years

plus a $10,000 fine. Tex.Penal Code Ann. secs. 30.04(c), 12.42(a), 12.33 (Vernon 1974).

Point of error three is overruled.

In points of error four and five, appellant maintains that the parole instruction is misleading because: (1) it informs the jury about good conduct time and parole and then instructs them not to consider how the laws would affect a defendant; and (2) it instructs the jury that good conduct time and parole would reduce the appellant's sentence, when in fact appellant's sentence would remain unaffected. This Court has held that such an instruction is not speculative, confusing, or vague. *Clark v. State*, 721 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1986, pet. granted). Furthermore, we have found that appellant was not harmed by the instruction.

Points of error four and five are overruled.

■ In point of error six, appellant maintains that the evidence is insufficient to show that he intended to commit theft at the time he entered the complainant's vehicle.

Joseph Schultea, a Harris County Deputy Sheriff, who was working as an apartment security guard during the early morning hours of June 23, 1986, saw appellant and two other black males running through the apartment parking lot. Schultea became suspicious because the men were running in a low crouch, attempting to hide behind the cars, and looking back over their shoulders. When the men saw Schultea, one yelled "cop," and all three fled. Schultea ordered the men to stop, but they continued to run. After a chase, Schultea was able to detain appellant, but appellant's companions jumped over a fence.

Schultea then began questioning appellant. During the conversation, Schultea noticed the other two black males entering the complainant's car, and he then heard an engine starting. Schultea told appellant to remain there while he went to detain the other individuals. As Schultea approached the vehicle, he saw Deputy Nitz, who also worked as a security guard, order the men

to halt. The men then fled from the vehicle and ran.

After an unsuccessful chase, Schultea returned to look for the appellant and found him on the driver's side of the complainant's automobile. Appellant was kneeling between the steering wheel and the back seat, apparently doing something under the seat. As Schultea approached, appellant backed out of the car, shut the car door, and started to walk away. Schultea ordered appellant to stop and placed him in handcuffs.

Schultea was soon joined by Deputy Nitz, who ran a check on the automobile and found that it was stolen. Schultea examined the vehicle and found that the steering column had been damaged, which would allow someone to start and operate the vehicle without keys. Schultea also found a rag and a cotton glove in the front area of the car.

Appellant's car was impounded after Schultea was unable to find anyone at the apartment complex to whom to entrust the car. During the inventory search, various items were found in the trunk, including a toolbox with miscellaneous tools and an electric drill.

The complainant testified that he did not give appellant permission to enter the car. He also testified that when his car was returned, the steering column was broken and a gray toolbox, tools, and a drill were missing from the trunk.

■ Specific intent to commit theft can be inferred from the circumstances. *Simmons v. State*, 590 S.W.2d 137, 138 (Tex. Crim.App.1979). The circumstances are: (1) that appellant was seen acting in a suspicious manner in the apartment parking lot during the early morning hours; (2) that after being ordered to stop, he attempted to elude the officer; (3) that he was later seen inside a stolen vehicle without the owner's permission; (4) that he was in a crouched position on the driver's side of the car, and appeared to be doing something under the front seat; (5) that the vehicle's steering column was broken, which would allow the car to be started and driven without keys; (6) that a rag and

glove were found in the front area of the car; (7) that a toolbox, tools, and a drill were missing from complainant's car, and a toolbox, tools, and a drill were among the many items found in appellant's car. Viewing the evidence in the light most favorable to the verdict, we find that appellant's unlawful entry into the vehicle was proved by direct testimony and that the circumstances prove that appellant had the intent to commit theft.

Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.