**Lekeith Reenard BEASLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 282–88.**

Court of Criminal Appeals of Texas, En Banc.

March 8, 1989.

Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft, Kathy Braddock and Bill Hawkins, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Appellant was convicted by a jury of burglary of a motor vehicle. The jury assessed punishment at nine (9) years confinement in the Texas Department of Corrections. The First Court of Appeals affirmed. *Beasley v. State,* 745 S.W.2d 406 (Ct.App.—Houston [1st] 1988).

In affirming the trial court's judgment, the Court of Appeals noted that under this Court's decision in *Rose v. State,* 752 S.W. 2d 529 (Tex.Cr.App.1987), the parole law instruction statutorily mandated under Art. 37.07, Sec. 4, V.A.C.C.P., is unconstitutional. The Court of Appeals then applied a harm analysis consistent with that set forth in *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984), and found that appellant had not suffered harm since there was no evidence which showed that appellant had been deprived of a fair and impartial trial.

After this Court delivered its original opinion in *Rose,* supra, and after the Court of Appeals decided the instant appeal, this

Court delivered its opinion on the Court's own motion for rehearing in *Rose,* supra, on June 15, 1988. On rehearing, this Court held that Rule 81(b)(2), Tex.R.App.Pro., and not the tests set out in *Almanza,* supra, govern in deciding whether this kind of charge error was harmless to the defendant.

Accordingly, this cause is remanded to the Court of Appeals so that it may analyze the error pursuant to Rule 81(b)(2), supra. See also *Haynie v. State,* 751 S.W.2d 878 (Tex.Cr.App.1988).

The judgment of the Court of Appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.

TEAGUE, J., dissents to the remand.