Kenneth Wayne GEORGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–385 CR.

Court of Appeals of Texas,
Waco.

March 7, 2001.

Donald D. Feare, Jr., Law Offices of Donald D. Feare, P.C., Arlington, TX, for appellant.

B.J. Shepherd, Bosque County District Attorney, Martin L. Peterson, Bosque

County Asst. District Attorney, Meridian, TX, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

Kenneth Wayne George was charged with one count of indecency with a child. After a jury was empaneled and sworn, the trial court declared a mistrial. When the case was reset for trial, George filed an application for writ of habeas corpus with the trial court in which he asserted that a retrial would violate his right to be free from double jeopardy under the Fifth Amendment to the United States Constitution and article 1, section 14 of the Texas Constitution.[1] The trial court denied his application, and George appealed. We affirm.

## BACKGROUND

The indictment charged George with one count of indecency with a child, "on [a] date not known, but during the summer of 1998...." On August 25, 2000, George was brought to trial. During voir dire, statements were made by a number of veniremembers that they could not consider probation for the offense charged. After examination and out of the presence of the venire, George objected "for cause" to these veniremembers. The challenges were denied. George then moved for a mistrial because the veniremembers had a bias or prejudice against the law applicable to the case and upon which George was entitled to rely. *See* TEX.CODE CRIM. PROC. ANN. art 35.16(c)(2) (Vernon Supp. 2001). The motion was not ruled on.

Thereafter, the State and George presented their peremptory strikes. The trial court seated the jury, administered the oath, and told them to return on August 31. On the jury were six members whom George had challenged for cause on the probation issue which the trial court denied. Out of the presence of the jury, George objected to the panel and once again moved for a mistrial. The motion was again not ruled on.

Before the date for trial, George filed a motion to recuse the trial judge, Judge Morgan. On August 30, George's case was called before Judge Duncan to hear the motion to recuse. The motion was denied. Following the recusal hearing, Judge Morgan called George's case and granted a mistrial in which the State joined.

George was re-indicted under another cause number, with three counts of indecency with a child. It is uncontested that each count involves the same victim as the first indictment, but specifies three separate dates in the summer of 1998 when the conduct occurred. George filed an application for writ of habeas corpus asserting double jeopardy, which was denied. George then filed this appeal.

On December 6, 2000, George filed a motion in this court for an emergency stay in which he asserted that arraignment was set on the new indictment for December 13. He sought a stay of all proceedings until this Court considered the merits of his habeas appeal. The motion was granted, and all proceedings have been stayed pending this opinion.

## STANDARD OF REVIEW

In a habeas corpus hearing, the burden of proof is on the petitioner. *State v. Cabrera*, 24 S.W.3d 528, 529 (Tex.App.—

---

1. Article 1.10 of the Code of Criminal Procedure also provides protection against double jeopardy. *See* TEX.CODE CRIM. PROC. ANN. art. 1.10 (Vernon 1977).

Corpus Christi 2000, pet. ref'd). In reviewing a court's decision to reject a claim of double jeopardy, we review the facts in the light most favorable to the ruling and will uphold it absent an abuse of discretion. *Id.; Vasquez v. State,* 22 S.W.3d 28, 31 (Tex.App.—Amarillo 2000, no pet.). In other words, the decision must fall outside the "zone of reasonable disagreement." *Benitez v. State,* 5 S.W.3d 915, 918 (Tex. App.—Amarillo 1999, pet. ref'd). Moreover, in determining if it did, we consider issues of law *de novo. State v. Clemmer,* 999 S.W.2d 903, 905 (Tex.App.—Amarillo 1999, no pet.).

## DISCUSSION

George asserts that a retrial would violate his right to be free from double jeopardy under the Fifth Amendment to the United States Constitution and article 1, section 14 of the Texas Constitution. The Court of Criminal Appeals in *Bauder* held that the Texas Constitution's double jeopardy protections are broader than the federal counterpart in the context of George's complaint. *Bauder v. State,* 921 S.W.2d 696, 699 (Tex.Crim.App.1996). As a result, we analyze George's claim according to the protections afforded by the Texas Constitution.

Article I, section 14 of the Texas Constitution states that no person shall be twice put in jeopardy for the same offense after a verdict of not guilty. *Vasquez,* 22 S.W.3d at 32. This provision has been construed as not prohibiting retrial of an accused after mistrial if the accused requested the mistrial. *Bauder,* 921 S.W.2d at 698. But, as with most rules, there are exceptions. The one pertinent here concerns whether the accused sought a mistrial on his own volition, as opposed to being compelled to do so given the conduct of the court. *See Vasquez,* 22 S.W.3d at 32. The applicable test was developed in *Bauder,*

which dealt with prosecutorial misconduct. *See id.*

In *Bauder,* the Court of Criminal Appeals held that a successive prosecution after a mistrial is barred if the prosecutor committed an objectionable act with the intent to induce the mistrial, or if he did it while being aware of the risk that it would require a mistrial but nonetheless consciously disregarded that risk. *Bauder,* 921 S.W.2d at 699. Under either circumstance, the defendant is not seeking a mistrial in "response to ordinary reversible error in order to avoid conviction, appeal, reversal, and retrial." *Ex parte Bauder,* 974 S.W.2d 729, 732 (Tex.Crim.App.1998). Rather, his conduct emanates from conditions produced by his opponent which render the trial incurably unfair. *Bauder,* 921 S.W.2d at 699. Consequently, the decision to seek mistrial in those circumstances is not volitional but compelled by the utter and incurably unfair nature of the proceeding. *Ex parte Bauder,* 974 S.W.2d at 732.

In applying *Bauder,* the *mens rea* under which the prosecutor acted is pivotal. *Vasquez,* 22 S.W.3d at 32. It is not enough that the incurable condition he created arose from "simple negligence" or "sloppiness." *Id.* (citing *Ex parte Davis,* 957 S.W.2d 9, 13 (Tex.Crim.App.1997)). Instead, the actor must have created it, with the intent, or with conscious disregard, that his actions would result in a mistrial. *See id.*

▮ In *Vasquez,* the Amarillo Court held that while *Bauder* dealt with prosecutorial misconduct, the same rule applies to judicial misconduct. *Id.* It stated:

Historically, the judge's *mens rea,* like that of the prosecutor, has been perused in determining whether the mistrial resurrected a bar to further prosecution. *Ex parte Loffland,* 670 S.W.2d 390, 394 (Tex.App.—Fort Worth 1984, pet. ref'd). In *Loffland,* the court addressed wheth-

**244**

er the judge intended to provoke the mistrial or acted in bad faith or with gross negligence. *Id.* So, given that the *mens rea* of the judge was the primary consideration before *Bauder*, there is no reason to change that focus post-*Bauder*. Accordingly, we hold that further prosecution is barred by double jeopardy when a judge commits incurable error and does so with the intent to cause a mistrial or with knowledge that a mistrial is likely but nonetheless consciously disregards that likelihood.

*Id.* at 32–33.

We agree with the Amarillo Court. As a result, we must determine whether George sought a mistrial on his own volition or because he was compelled to do so given the conduct of the court. *See id.* at 32. In doing so, we must determine whether the trial judge denied his challenges for cause "with the intent to cause a mistrial or with knowledge that a mistrial [was] likely but nonetheless consciously disregard[ed] that likelihood." *See id.* at 33.

## APPLICATION

The only evidence regarding the trial judge's motives in denying the challenges for cause is in the testimony of the judge at the hearing on the motion for his recusal. He was asked by defense counsel why he denied the challenges. He responded:

A. ... I thought the way he was asking the question had to do with whether they could consider probation for his client, and I thought it was an attempt to contract with the jury.... [O]rdinarily I will allow an attorney to ask a question of that nature to aid them in making their peremptory challenges, even though it's probably not a correct legal question to ask a prospective juror.

. . .

Q. So if, in fact, these—these jurors were asked an appropriate question and they have an answer which placed them outside of what the law requires of a juror, assuming that happened, you would have six of the twelve that are inappropriately on that jury; is that correct?

A. If your premise is correct, yes, sir, that would be correct.

The State asked the judge, "[W]hether or not you correctly ruled on the challenges for cause do you feel you ruled because of any desire to create an unfair jury panel for Mr. George?" The judge answered "No."

■ We find nothing in the record to support the assertion that the trial judge denied the challenges either: (1) with the intent to cause the defendant to move for a mistrial, or (2) with the knowledge that it was likely the defense would move for a mistrial which the judge would probably grant. At most, the record shows that the judge misunderstood the question asked of the jurors, and its importance.

We find that George's motion for mistrial was a choice he made in response to ordinary error in an attempt to avoid conviction, appeal, reversal, and retrial. *See Ex parte Bauder*, 974 S.W.2d at 732. As a result, it was volitional, and a successive prosecution is not jeopardy barred under the Texas Constitution. *Bauder*, 921 S.W.2d at 699.

We affirm the trial court's denial of George's application for habeas relief. Our order staying further proceedings is dissolved.