C. S. LEE v. THE STATE.

No. 6484.   Decided December 21, 1921.

1.—Intoxicating Liquors—Possession—Sale—Charge of Court—Election—Acquittal.

Where the indictment charged two counts, one for unlawful sale of intoxicating liquor, and the other the unlawful possession of such liquor, and the court limited the jury to a finding upon the offense charged in the second count, this was tantamount to an acquittal of the offense, charged in the first count.   Following Betts v. State, 60 Texas Crim. Rep., 631, and other cases.

**2.—Same—Repeal of Law—Possession—Practice on Appeal.**

The offense of possessing intoxicating liquor as defined by the Dean Law prior to the amendment thereof was so changed as to amount to a repeal of the former law, and the case must be reversed and dismissed. Following Cox v. State, 90 Texas Crim. Rep., 256, recently decided, and other cases.

Appeal from the District Court of Upshur. Tried below before the

Honorable J. R. Warren.

Appeal from a conviction of the possession of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. H. Briggs,* and *Simpson, Lassiter & Simpson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Upshur County of possessing intoxicating liquor under what is known as the Dean Law, and his punishment fixed at confinement in the penitentiary for a period of one year.

There were two counts in the indictment. One charged the unlawful sale of intoxicating liquor, and the other the unlawful possession of such liquor. By the charge of the court the jury's consideration was limited to a finding upon the offense charged in the second count of said indictment. This was tantamount to an acquittal of the offense charged in the first count. Betts v. State, 60 Texas Crim. Rep., 631; Hewitt v. State, 74 Texas Crim. Rep., 46, 167 S. W. Rep., 40. The offense of possessing intoxicating liquor as defined by the Dean Law prior to the amendment of the recent Called Session of the Thirty-seventh Legislature, was so changed as to amount to a repeal of the former law. Cox v. State, 90 Texas Crim. Rep., 256, No. 6423, and Petit v. State, 90 Texas Crim. Rep., 336, No. 6510, decided at the present term and not yet reported. This necessitates the reversal and dismissal of this cause.

For the reasons stated the judgment is reversed and the cause ordered dismissed.

*Reversed and dismissed.*