## C. S. CHAMBERLAIN V. THE STATE.

No. 22589. Delivered October 20, 1943.

The opinion states the case.

*Basket & Parks,* of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of burglary and his punishment assessed at confinement in the State penitentiary for a term of two years, from which judgment of conviction he prosecutes this appeal.

The record discloses that on the night of February 23, 1942, some person or persons, by breaking the door of a drug store located in the town of Weimer, owned and operated by Joe F. Bartosh, entered the same and took a small amount of change out of the cash drawer, opened a narcotic case and scattered medicine over the prescription counter. Appellant was arrested at Dallas on or about the 5th day of March, 1942, and brought to Columbus where, on the following day, he made a written confession to the county attorney which was introduced in evidence against him. He contended, however, that the confession was not voluntary; that he was forced to make it because he was whipped by the sheriff with a piece of rubber hose; that the confession was not true. The trial court, in his charge, submitted all issues to the jury, including the issue as to whether or not the purported confession was voluntarily made. The jury decided all said issues of fact adversely to him.

Appellant brings forward for review two questions. The first relates to the court's action in declining to sustain his plea of former jeopardy. The next relates to misconduct on the part of one of the jurors who sat in the trial of the case at the September, 1942, term, when a mistrial was entered, and that this same juror again sat in the case at the succeeding term of court without disclosing these facts to the appellant or his attorney.

We shall discuss the questions in the order presented. The evidence introduced in support of his plea of former jeopardy shows that at the September, 1942, term, appellant filed an application for a continuance which was overruled; that thereupon he entered a plea of not guilty. A jury was selected and sworn to try the issues between the State and the defendant, whereupon the State introduced its evidence, including the purported confession of the appellant, which contained statements of his prior convictions for felony offenses. To this appellant objected, which objection was sustained by the court, who then called appellant and his counsel to the bench and advised them that, in his opinion, reversible error had been committed by the State; that if appellant desired to withdraw his announcement of ready for trial, the court would order a mistrial and continue the case to the next term of court, during which time appellant would be released on the then existing appearance bond, to which appellant consented and thanked the court for such action. Thereupon, the jury was discharged. Under the facts here disclosed, we see no reversible error reflected by the bill of exception. It is apparent from the bill that appellant consented to the order of the court entering a mistrial. Hence

he cannot now take advantage of his own action. See Art. 551, C. C. P.

In the case of Arcia v. State, 28 Tex. Cr. App. 198, this court, speaking through Judge White, announced the rule to be as follows: "It is shown by the statement of facts that at the previous trial the defendant in person expressly agreed with the district attorney that the jury might be discharged on condition, which was complied with, that the case should be continued to the next term of court. There is no rule prohibiting the discharge of a jury where the defendant in person agrees that it may be done."

See also McCoy v. State, 106 Tex. Cr. R. 593, and authorities there cited.

Appellant's next complaint, which relates to misconduct on the part of one of the jurors, is also without merit. It appears from the record that appellant, at the time of the filing of his plea of former jeopardy, obtained from the records of the district court a list of the jurors who were selected and sat in the case at the preceding term of court; that among the names on said list appeared that of this juror whom he now claims was a prejudiced juror. Consequently, appellant knew that the juror in question had sat in the case at the preceding term of court and could hardly have been misled by the juror's answers to questions propounded to him on his voir dire examination. Moreover, the juror, on the motion for new trial, testified that at the preceding term of said court he sat in a number of cases but did not recollect having sat in the instant case. Consequently, there was no intention on the part of the juror to withhold any information or to mislead the appellant and his attorney. In view of the fact that appellant had a list of the names of all the jurors who were selected and sat in the trial of the case at the preceding term, he was charged with knowledge of the fact that this juror sat in the case at the previous trial and should have exercised his legal right to challenge the juror for cause and not remain silent until he is convicted and then, for the first time, in a motion for new trial, raise the question of an unfair and prejudiced juror. Suppose the juror had informed appellant or his attorney that he sat in the trial of the case at a previous term and appellant had failed or refused to challenge him, could he, after his conviction, in his motion for a new trial, justly raise the question of an unfair and prejudiced juror? We think not; and for the same sound reason he cannot raise the question when he had information from other sources

that this particular juror sat in the trial of the case at a previous term. The evidence adduced upon the hearing of the motion for a new trial is brought forward in a separate statement of facts, but there is not a word or line therein which indicates that the juror had any fixed opinion as to the guilt or innocence of the appellant or that he had any prejudice against him. He testified that he was a life-long friend of one of the attorneys for appellant; that he did not know the appellant and did not recollect that he had ever seen him before. In our opinion, the conclusion herein expressed on the subject under consideration is supported by the case of De Shazo v. State, 104 Tex. Cr. R. 511, 284 S. W. 561.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.