**Ex parte Thirlon MOREHEAD, Jr.**

**No. 63930.**

Court of Criminal Appeals of Texas, En Banc.

April 9, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

In 1975 the applicant pleaded guilty to two indictments: number C–74–8868–I charged that he robbed David Scott by exhibiting a pistol on August 29, 1974, and number C–74–8869–I charged that he attempted to murder David Scott by shooting him with a pistol on August 29, 1974. It appears that the only evidence to support

these convictions was two judicial confessions which were cast in the language of the indictments.

The applicant seeks habeas corpus relief from the conviction for criminal attempt to commit murder on the ground that the offense occurred during the same transaction from which the aggravated robbery offense was carved. His petition is well grounded. The convicting court has held a hearing to develop the facts. It appears that on August 29, 1974, the applicant and another passenger were riding in an automobile being driven by a third person. The robbery was "just an up-and-do thing" which was done when David Scott was seen walking down the street. The driver stopped the car and accosted Scott; they were joined by the other passenger. The applicant remained in the car. The driver returned to the car to park it around the corner, leaving the passenger standing with Scott. Before any theft was accomplished, Scott ran from the passenger. The applicant got out of the car and fired two shots at the fleeing Scott.

So far as the evidence shows, the applicant's only involvement in the robbery was firing at Scott, which was the same act that constituted criminal attempt to commit murder. He may not be prosecuted twice for the same act; this protection was not waived by his plea of guilty. *Ex parte Hilliard*, 538 S.W.2d 135 (Tex.Cr.App.1976); *Ex parte Farris*, 538 S.W.2d 134 (Tex.Cr. App.1976); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976); *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr.App.1970).

Because the indictment for criminal attempt to commit murder bore the higher cause number we presume that it was tried later than the indictment for aggravated robbery, twice putting the accused in jeopardy for the same act.

The conviction is cause C–74–8869–I in the Criminal District Court No. 2 of Dallas County is set aside, and the applicant is relieved from any restraint of his liberty which that conviction may impose.