Ex parte Carl Ulysses McAFEE aka
Frank Collins.

No. 69666.

Court of Criminal Appeals of Texas,
En Banc.

June 8, 1988.

Rehearing Denied Dec. 7, 1988.

McAffee, pro se.

Hal Hemstreet, Sugarland, for appellant.

John B. Holmes, Jr., Dist. Atty. and Susan Spruce, Calvin Hartmann & Bill Adkins Camp, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION

CLINTON, Judge.

This a post conviction application for habeas corpus pursuant to Article 11.07, V.A.C.C.P. Applicant is contesting validity of a conviction for theft of an automobile, contending that it was obtained in violation of his right against being twice placed in jeopardy vouchsafed by the Fifth Amendment to the Constitution of the United States and by Article I, § 14, Bill of Rights in the Constitution of Texas.

Applicant was initially indicted in Cause No. 275,709 on two counts for offenses alleged to have been committed on the same day, *viz:* theft of a motor vehicle and unauthorized use of the identical motor vehicle. There were also two enhancement paragraphs.

Trial by jury commenced September 6, 1978. In its charge to the jury the court submitted only the offense of unauthorized use of an automobile. The prosecutor had no independent recollection of abandoning the theft count, but admitted that her practice in such cases was to present evidence on all counts and before the jury charge was drafted to elect whether to abandon one or more counts. Here the charge instructed the jury that the State had abandoned the theft count and it was not to consider that for any purpose. After some two hours of deliberation, the trial judge determined it altogether improbable that the jury could agree on a verdict and, applicant consenting, the court discharged the jury, over objection by the State.

On September 11, 1978, practically the same scenario was played. Only the offense of unauthorized use of a motor vehicle was submitted; the jury deliberated for about two hours without reaching a verdict; with consent of applicant but over

objection of the State the trial court discharged the jury.

The case was again called for trial February 27, 1979. On motion of the State the trial court dismissed the second count alleging unauthorized use of a motor vehicle and both enhancement paragraphs. Applicant pleaded guilty to the offense of theft alleged in the first count. The court found him guilty and assessed punishment at three years confinement.

Applicant now asserts that the continual prosecution on the one indictment was barred by principles of double jeopardy. He argues that because the State abandoned the theft count after the jury had been empaneled and sworn in the first trial, failure of the trial court to submit that count was tantamount to an acquittal of the offense of theft of the motor vehicle. He relies squarely on the "general rule" followed in *Garza v. State*, 658 S.W.2d 152 (Tex.Cr.App.1982).

For its part the State contends, and the convicting court opined, "By not making a contemporaneous objection [to the plea proceedings], Applicant has waived any such complaint." We first address that threshold question, and find both federal and state law clearly resolve that issue against the State.

Failure to object at trial does not constitute waiver of the right to raise a jeopardy claim by way of a collateral attack in a post conviction habeas corpus proceeding. *Ex parte Pleasant*, 577 S.W.2d 256 (Tex.Cr.App.1979); *Ex parte Hilliard*, 538 S.W.2d 135 (Tex.Cr.App.1976); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976). That applicant entered a plea of guilty to the first count will not preclude him from that claim in an application for habeas corpus. *Ex parte Morehead*, 596 S.W.2d 895 (Tex.Cr.App.1980); *Ex parte Hilliard*, supra; *Ex parte Jewel*, supra; *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.1974). See *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *United States v.*

*Broussard*, 645 F.2d 504 (CA5 1981); *Green v. Estelle*, 524 F.2d 1243 (CA5 1975). Accordingly, we reject the contention by the State, and now turn to the merits of the habeas application.

Since the majority opinions in *Garza v. State*, 658 S.W.2d 152 (Tex.Cr.App.1982), upon which applicant relies, the Supreme Court of the United States has reaffirmed a core proposition of jeopardy law, *viz:*

"[A] trial court's declaration of mistrial following a hung jury is *not* an event that *terminates the original jeopardy* to which petitioner was subjected."

*Richardson v. United States*, 468 U.S. 317, 326, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984).[1]

"This rule accords recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws." *Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). Rather than frustrate that purpose by denying courts power to put him to trial again, "the defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Wade v. Hunter*, 336 U.S. 684, 688–689, 69 S.Ct. 834, 836–837, 93 L.Ed. 974 (1949).

Therefore, as the Supreme Court insisted in *Richardson*, supra:

"The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and *jeopardy does not terminate* when the jury is discharged because it is unable to agree." *Id.*, at 326, 104 S.Ct., at 3086.

Both the Fifth Amendment and Article I, § 14, Bill of Rights, bar the Government and the State, respectively, from subjecting any person "for the same offense to be *twice* put in jeopardy of life or limb." Thus "an accused must suffer jeopardy before he can suffer double jeopardy," *Serfass v. United States*, 420 U.S. 377, 393, 95 S.Ct. 1055, 1065, 43 L.Ed.2d 265 (1975). The Double Jeopardy Clauses do *not* mean

---

1. All emphasis is supplied throughout by the writer unless otherwise indicated.

"that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment," *Wade v. Hunter*, supra, at 336 U.S. 688, 69 S.Ct., at 837. Absent a final judgment, he remains under the initial jeopardy. Therefore, a retrial for the same offense is not *double* jeopardy.[2]

*Garza* aside, there is not authority, state or federal, supporting what applicant claims today. Indeed, to deny the State its right to one complete opportunity to convict by obtaining a final judgment is to disregard all public policy considerations still extant after more than one hundred and sixty years since first articulated in *United States v. Perez*, supra.

The majority in *Garza* and now applicant take the view that Double Jeopardy Clauses prevent a second "trial" of a count alleging an offense that is not presented to a jury because the prosecution elected to have the court submit another count. Its theory must be that once it attaches in a trial jeopardy is terminated as to any count that is "abandoned" through an election. That is essentially what the majority in its opinion on rehearing in *Garza* called "this general rule," *id.*, at 159. But as all the cases discussed and cited by the *Garza* majority reveal, "this general rule" is found and applied *only* in cases where the jury in the first trial *did* return a verdict on the count that was submitted, and upon that verdict the trial court entered a judgment of conviction. Although not necessarily articulated the reason for that rule is that when the State obtains a conviction for one offense out of two or more alleged in a

single indictment, jeopardy has been terminated.

Jeopardy is not terminated, however, when there is not a verdict returned upon which a judgment may be rendered. The theory that it has been terminated is contrary to "a concept of continuing jeopardy that has application where criminal proceedings against an accused have not run their full course," *Price v. Georgia*, 398 U.S. 323, 326, 90 S.Ct. 1757, 1759, 26 L.Ed. 2d 300 (1970), citing *Green v. United States*, 355 U.S. 184, 189, 78 S.Ct. 221, 225, 2 L.Ed.2d 199, 205, 61 ALR2d 1119 (1957).

In *Green v. United States*, supra, the first trial was on an indictment alleging first degree murder and the jury was charged on that offense as well as the lesser included offense of second degree murder; it found accused guilty of the latter. That conviction was overturned on appeal and on retrial the prosecution obtained a conviction for first degree murder. The Supreme Court held the second conviction was barred by the Double Jeopardy Clause because having been given a choice of finding accused guilty of either first or second the jury's latter finding constituted "an implicit acquittal on the charge of first degree murder," and also because jeopardy on the greater charge ended when the first jury "was given a full opportunity to return a verdict" on the higher charge but instead reached verdict on the lesser.

Thus an imperative for terminating jeopardy is that the issue of guilt of an offense be determined by verdict of the jury. The Supreme Court restated the proposition in *Price v. Georgia*, supra, viz:

2. When jurors are unable to reach a verdict and the trial court is of the opinion that there is a "manifest necessity" for discharging the jury and declaring a mistrial, lest ends of public justice would otherwise be defeated, such action is not a bar to further proceedings, and the accused is not exempt from being again put upon trial. *United States v. Perez*, 22 U.S. [9 Wheat] 579, 6 L.Ed. 165–166 (1824).

Contrary to the notion expressed on original submission in *Garza*, supra, at 155–156, and again by the dissenting opinion today at page 775, the doctrine of "manifest necessity" measures actions of trial courts in terminating a trial before final judgment, whether on its own

motion or on motion of a party for a mistrial. *Richardson v. United States*, supra, at 324, 104 S.Ct., at 3085. As the dissenting opinion emphasized in *Garza*, supra, the doctrine is "the test to examine exercise by the trial court of its discretionary authority '*to discharge a jury* from giving *any verdict*,' *United States v. Perez*, [supra, 22 U.S. at 580, 6 L.Ed., at 165]"—even " 'over the objection of the defendant,' *Arizona v. Washington*, [supra, 434 at 505, 98 S.Ct., at 830]." *Id.*, at 158. It is not a standard "for deciding whether a trial court is justified in withholding one or more counts of an indictment from consideration by the jury[.]" *Ibid.*

"[T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." *Id.*, at 329, 90 S.Ct., at 1761. Until a verdict is returned jeopardy continues—unless, of course, the court discharges the jury without "manifest necessity" for doing so.

To the extent of conflict with this opinion, *Garza v. State*, supra is overruled.

The relief sought by applicant is denied.

McCORMICK, Judge, dissenting.

Believing that the majority errs in failing to grant relief to this applicant, I am compelled to file this dissent.

The record reflects that applicant was initially indicted in the cause with a two count indictment. The first count alleged theft of an automobile. The second count alleged unauthorized use of an automobile. Two enhancement paragraphs followed the allegations of the primary offenses.

On September 6, 1978, applicant's first trial commenced. Evidence was presented and arguments were made. An affidavit from the prosecutor who prosecuted the case states that it was her recollection that both counts were submitted to the jury. She admitted that while she did not have any independent recollection of abandoning the felony theft paragraph, it was her practice to present evidence on all the counts, evaluate the case after the evidence had been presented and then prior to the drafting of the jury charge, make an election as to which count to abandon if any. The record reflects that this is what happened. In its charge to the jury, the court only charged the jury on the offense of unauthorized use of an automobile. The court further instructed the jury that the State had abandoned the theft count of the indictment and thus it should not be considered. Some two hours after beginning their deliberations, a motion for mistrial was granted over the State's objection.

On September 11, 1978, applicant's second trial began. Once again, the trial progressed up to the point of jury deliberations. As in the first trial, the jury was charged only as to the offense of unauthorized use of a motor vehicle. Once again the jury was unable to reach a verdict and, over the objection of the State, a motion for mistrial was granted.

On February 27, 1979, the case was again called for trial. The docket sheet reflects that on this date upon motion of the State, the trial court dismissed the second count of the indictment which alleged unauthorized use of a motor vehicle and the enhancement paragraphs of the indictment. Applicant then entered a plea of guilty to the offense of theft as alleged in the first count of the indictment. Punishment was assessed by the court at three years confinement.

Applicant alleges that he was placed in double jeopardy. He argues that the abandonment of the theft count during the first trial operated as an acquittal of that charge since it occurred after the jury had been empaneled and sworn and he had entered his plea. Thus reprosecution of him for the theft count in the third trial, placed him in double jeopardy. *Garza v. State*, 658 S.W.2d 152 (Tex.Cr.App. 1982); *Ex parte Pleasant*, 577 S.W.2d 256 (Tex.Cr.App.1979); *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App. 1974).

In its reply to the application, the State, relying on *Tollet v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), argues that applicant's plea of guilty to the theft charge in the third trial waived any error. The State also urges that applicant has failed to show that he objected to the plea proceedings at the time they were held. Because there was no contemporaneous objection, the State asserts that error, if any, has been waived.

Both federal and state law clearly speak to the State's contention. The failure to object at trial does not constitute a waiver of the right to raise the issue of double jeopardy in a post conviction collateral habeas corpus attack. *Ex parte Pleasant*, supra; *Ex parte Hilliard*, 538 S.W.2d 135

(Tex.Cr.App.1976); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976). Furthermore, the fact that the applicant entered a plea of guilty to the latter charge does not preclude him from raising the double jeopardy contention in an application for writ of habeas corpus. *Ex parte Morehead*, 596 S.W.2d 895 (Tex.Cr.App.1980); *Ex parte Hilliard*, supra; *Ex parte Jewel*, supra; *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.1974). See also *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *United States v. Broussard*, 645 F.2d 504 (5th Cir.1981); *Green v. Estelle*, 524 F.2d 1243 (5th Cir.1975).

Turning to the merits of applicant's claim, this Court considered a similar situation in *Garza v. State*, 658 S.W.2d 152 (Tex.Cr.App.1982), *cert. denied*, 464 U.S. 863, 104 S.Ct. 194, 78 L.Ed.2d 171 (1983). Garza, like our applicant was tried on a two count indictment. At the conclusion of the case, the State elected to proceed to the jury on the first count of the indictment and abandon the second count of the indictment. After the jury was unable to reach a verdict, the judge declared a mistrial. Thereafter a second trial on the indictment occurred. This time the State abandoned the first count of the indictment and elected to proceed to the jury only on the second count of the indictment (which had been abandoned during the first trial). The jury convicted Garza of the second count. This Court found that during the first trial, jeopardy had attached to both counts of the indictment because the jury had been empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455 (Tex.Cr.App.1979). Thus when the indictment's second count was dismissed after jeopardy had attached, the dismissal was equivalent to an acquittal of the charge contained in the second count. *Ex parte Scelles*, supra. This Court then went on to determine if there was any showing by the State of any manifest or imperative necessity that would have warranted the trial court not submitting the second count of the indictment to the jury at the first trial. Because

the State failed to advance any such reason and because the record reflected no manifest necessity, this Court concluded that no such necessity ever existed. Therefore, this Court held that the State's abandonment of the second count of the indictment at the first trial barred any retrial for that offense.

The reasoning in *Garza* should be adopted in the instant case. Clearly jeopardy had attached when the theft count was abandoned. The State has not demonstrated any manifest necessity for abandoning the theft count and my review of the record finds that no manifest necessity is reflected. Given all of the above, applicant was placed in double jeopardy when he was tried in the third trial for the theft count.

Applicant is entitled to the relief prayed for. Because the majority errs in failing to grant such relief, I respectfully dissent.

ONION, P.J., and TEAGUE and MILLER, JJ., join this dissent.

## ORDER OVERRULING APPLICANT'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

ONION, Presiding Judge, dissenting.

The majority overrules without written opinion the applicant's motion for leave to file a motion for rehearing. I dissent to express my concern. The majority erroneously has overruled a long line of Texas case law regarding double jeopardy. The majority, speaking through Judge Clinton, overrules *Garza v. State*, 658 S.W.2d 152 (Tex.Cr.App.1982), and seeks to elevate Judge Clinton's dissent in *Garza* to a majority status and in doing so has added confusion to the law applicable to the factual situation presented.

I write to point out where the majority got off the track in this post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, V.A.C.C.P.

The record reflects that applicant is presently confined in the Texas Department of Corrections as a result of a life sentence imposed in Cause No. 330638 in the 183rd District Court where applicant was convict-

ed of the offense of unauthorized use of a motor vehicle, where the punishment was enhanced by allegation and proof of two felony convictions. One of such prior convictions was for the felony theft of an automobile over the value of $200 but less than $10,000 in Cause No. 275709 in the 184th District Court on February 27, 1979. The punishment assessed in said cause was three years' imprisonment. Applicant claims this prior conviction was void as it was obtained in violation of the double jeopardy provisions of both the federal and state constitutions.

The scenario concerning this conviction began with the return of a two count indictment in Cause No. 275709. The first count charged the theft of an automobile over the value of $200 but less than $10,000. The second count charged the unauthorized use of a motor vehicle. The alleged offenses grew out of the same transaction on the same alleged date, the same alleged owner, etc. The enhancement paragraphs in the indictment alleged two prior felony theft convictions.

Appellant's first jury trial on said indictment commenced on September 6, 1978. The jury was empaneled and sworn. Applicant entered a plea of "not guilty" and the guilt stage of the trial commenced. Evidence was heard. At some time prior to the submission of the case to the jury the State abandoned the first count of the indictment and the case was submitted to the jury only on the second count of the indictment—the unauthorized use of a motor vehicle offense. In fact, the court charged the jury:

"4

"You are instructed that the charge of 'Theft' as alleged in the first paragraph of the indictment has been abandoned by the State, and you will not consider that for any purpose."

Thus, not only did the State waive and abandon the theft count after the jury was empaneled and sworn, but in addition the court withdrew the count from the consideration of the jury chosen to try the case. After 2-½ hours of deliberations the jury was unable to reach a verdict and the court declared a mistrial with the consent of the applicant and over the State's objection.

On September 11, 1978, appellant was tried again only upon the unauthorized use of a motor vehicle count following his plea of not guilty. Again the jury was unable to reach a verdict and the court declared a mistrial with the consent of the applicant and over the State's objections.

On September 27, 1978, the State waived and abandoned the second count of the indictment alleging the unauthorized use of a motor vehicle and the enhancement paragraphs, and the applicant entered a plea of guilty before the court to the first count charging theft, which count had been waived and abandoned during the first jury trial under the circumstances described. No appeal was taken.

It was this conviction for theft in Cause No. 275709 that was utilized to enhance the punishment (life) assessed in Cause No. 330638. Applicant contends that such conviction was obtained in violation of his constitutional double jeopardy rights and used then improperly to enhance punishment in Cause No. 330638 despite the fact that he entered a plea of guilty in Cause No. 275709.

As the earlier opinions in this cause have pointed out, the failure to object at trial, *Ex parte Pleasant*, 577 S.W.2d 256 (Tex.Cr. App.1979); *Ex parte Hilliard*, 538 S.W.2d 135 (Tex.Cr.App.1976); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976), or the fact a plea of guilty is entered to the charge does not preclude him from raising the double jeopardy issue in a collateral attack by virtue of a habeas corpus application. *Ex parte Morehead*, 596 S.W.2d 895 (Tex.Cr. App.1980); *Ex parte Hilliard, supra; Ex parte Jewel, supra; Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.1974). See also *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *United States v. Broussard*, 645 F.2d 504 (5th Cir.1981); *Green v. Estelle*, 524 F.2d 1243 (5th Cir. 1975). Thus, the applicant's contention is properly before this Court.

The Fifth Amendment to the United States Constitution provides in part that:

"... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb ..."

In Tex.Jur.3rd, Vol. 21, Crim. Law, § 1628, pp. 438–439, it is written:

"The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction, *and it protects against multiple punishments for the same offense* ... Although the primary purpose of the double jeopardy clause was to protect the integrity of a final judgment, *the United States Supreme Court has also developed a body of law guarding the separate but related interest of a defendant in avoiding multiple prosecutions even where no final determination of guilt or innocence has been made.* Such interest may be involved in two different situations: the first, in which the trial judge declares a mistrial; the second, in which the trial judge terminated the proceedings favorably to the defendant on a basis not related to factual guilt or innocence." (Emphasis supplied.) See also *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), *on remand* 579 F.2d 1013 (6th Cir.), *cert. den.* 440 U.S. 929, [99 S.Ct. 1266, 59 L.Ed.2d 486] *reh. den.* 439 U.S. 883 [99 S.Ct. 226, 58 L.Ed.2d 197] (setting forth survey of double jeopardy jurisprudence).

In 21 Am.Jur.2d, Criminal Law, § 244, p. 440, it is written:

"Furthermore, although English common law follows the relatively simple rule that a defendant has been put in jeopardy only when there has been a conviction or an acquittal after a complete trial, *the United States constitutional guarantee against double jeopardy may be invoked by a defendant who was subjected to a prosecution that was discontinued without a verdict and did not culminate in a conviction or an acquittal.* For example, the double jeopardy clause prohibits retrial of a defendant whose first trial ended in an improperly declared mistrial." (Emphasis supplied.) See *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

Thus the Fifth Amendment protects a defendant in a criminal case against multiple punishments *or repeated prosecutions* for the same offense. *Chvojka v. State,* 582 S.W.2d 828, 830 (Tex.Cr.App. 1979). See also *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

The double jeopardy provision of the Fifth Amendment has been made applicable to the States under the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed. 2d 717 (1978); *Duckett v. State,* 454 S.W.2d 755 (Tex.Cr.App.1970); *Taylor v. State,* 474 S.W.2d 207 (Tex.Cr.App.1972).

Article I, § 14 of the Texas Constitution also provides:

"No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

The "Interpretive Commentary" to Vernon's Ann.Tex.Const., Art. I, § 4, provides in part:

"There was no plea of double jeopardy at common law. To an extent, the principle was expressed in criminal prosecutions in the pleas of 'autrefois acquit' and 'autrefois convict'. These pleas barred a criminal action asserting that the defendant had been tried and formerly acquitted or formerly convicted. In both it was necessary that a judgment had been rendered in the former action.

"*The guaranty in this section of the Texas Constitution is broader in scope, for not only can a person not be put on*

*trial a second time for an offense of which he has once been acquitted or convicted, but he may not be put on trial a second time for an offense of which he has once been placed in jeopardy.* Hence, *jeopardy,* meaning danger or hazard, *can be based upon a prosecution discharged for valid causes without a verdict,* while former conviction and acquittal are based upon verdicts rendered. *Anderson v. State,* 24 Cr.R. 705, 7 S.W. 40 (1886); *Steen v. State,* 92 Cr.R. 99, 242 S.W. 1047 (1922)." (Emphasis supplied.)

Article 1.10, V.A.C.C.P., contains the same language as the state constitutional provision and it has been said that two state provisions are to all intents and purposes similar to "the federal clause." Tex.Jur.3rd, Vol. 21, Crim.Law, § 1628, p. 438; *Woodward v. State,* 42 Tex.Cr.R. 188, 58 S.W. 135 (App.1900).

It is thus clear that jeopardy can be based upon a prosecution discharged for valid causes without a verdict. It is not necessary in *all* cases for jeopardy to apply that the issue of guilt must be determined by a verdict of jury upon which a judgment may be rendered, or by a judgment of the court without a jury as the majority would seem to have it.

With this background it is observed that only if the point during the trial when a defendant is deemed to have been put in jeopardy has been reached does any subsequent prosecution of the defendant bring the guarantee against double jeopardy into play. Tex.Jur.3rd, Vol. 21, Crim.Law, § 1629, pp. 440–441; *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

In *Crist v. Bretz,* supra, the federal rule governing the time when jeopardy attaches in a jury trial was imposed on the States by virtue of the Fourteenth Amendment. *McElwee v. State,* 589 S.W.2d 455 (Tex.Cr.App.1979). The fed-eral rule and now the state rule is that jeopardy attaches when the jury is impaneled and sworn. See *McElwee,* supra; *McClendon v. State,* 583 S.W.2d 777 (Tex.Cr.App.1979); *Torres v. State,* 614 S.W.2d 436 (Tex.Cr.App.1981); *Ex parte Myers,* 618 S.W.2d 365 (Tex.Cr.App.1981), *cert. den.* 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630;[1] *Sewell v. State,* 696 S.W.2d 559 (Tex.Cr.App.1983).

Once jeopardy attaches, the defendant possesses the valued right to have his guilt or innocence determined before the first trier of facts, that particular trier of fact. *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949); *Torres v. State,* 614 S.W.2d 436, 441 (Tex.Cr.App.1981); *Ex parte Myers,* 618 S.W.2d 365, 368 (Tex.Cr.App.1981). See also *Vasquez v. State,* 740 S.W.2d 120 (Tex.App.—San Antonio 1987); *Ex parte Loffland,* 670 S.W.2d 390 (Tex.App.—Ft. Worth 1984), PDR ref'd; *Smithwick v. State,* 732 S.W.2d 768 (Tex.App.—Ft. Worth 1987).

An accused person has the right to have a trial completed by a jury which has been duly and legally selected to try him. This guarantee is no mere technicality, but constitutes a substantial right. The judge may not arbitrarily discharge and empanel juries until one is obtained that will render a verdict desired by the prosecution.

While at times the valued right of a defendant to have his trial completed by the particular tribunal summoned to sit in judgment on him may be subordinated to the public interest—when there is an imperious necessity to do so, *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974, harassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict are examples of

---

**1.** In a nonjury trial jeopardy does not attach until the first witness is sworn, *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Crist v. Bretz,* supra; *Hill v. State,* 730 S.W.2d 86 (Tex.App.–Dallas 1987), or when the trial judge begins to receive evidence. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642. See, generally, 21 Am.Jur.2d, Crim.Law, § 259, p. 454.

when the double jeopardy provisions are violated. *Gori v. United States*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961).

In *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), it was held that the trial of the defendant by a second jury violated the constitutional guarantee against double jeopardy after the first jury selected to try the defendant had been empaneled and sworn but then discharged because a prosecution witness had not been served with a summons and no other arrangements had been made to assure his presence.

Turning to the law applicable to the instant case it has been stated:

"*If a count of an indictment is abandoned during trial, this amounts to an acquittal* and a defendant cannot on a subsequent trial be prosecuted on the abandoned count." Tex.Jur.3rd, Vol. 21, Crim.Law, § 1638, p. 450, and numerous cases there cited. (Emphasis supplied.)

This has long been the law in Texas. *Stephens v. State*, 36 Tex.Cr.R. 386, 37 S.W. 425 (App.1896), cited *Parks v. State*, 29 Tex.App. 597, 16 S.W. 532 (1891), and held that the submission to the jury by the trial court of only one count of the indictment is tantamount to an election by the State to rely on that count and a dismissal as to the second count. On appeal of the conviction based on the first count it was decided the allegations thereof were fatally defective. The conviction was reversed and *the prosecution was ordered dismissed*. See also *Parks v. State*, 46 Tex.Cr.R. 100, 79 S.W. 301, 304 (1904) (trial court's submission of first count only was tantamount to election by State and dismissal of other counts in indictment); *Tracy v. State*, 49 Tex.Cr.R. 37, 90 S.W. 308, 309 (1905) (State's election to abandon certain counts in the indictment bars their further prosecution); *Betts v. State*, 60 Tex.Cr.R. 631, 133 S.W. 251, 255 (1911) (when case submitted on first count alone this was an acquittal of the count which was abandoned by State); *Hewitt v. State*, 74 Tex.Cr.R. 46, 167 S.W. 40, 41 (1914) (former jeopardy applies to the counts not submitted to the jury in the former trial);

*Deisher v. State*, 89 Tex.Cr.R. 467, 233 S.W. 978, 979 (1921) (*when the court only submitted the first count to the jury, the defendant cannot be reprosecuted on the abandoned second count*); *Lee v. State*, 90 Tex.Cr.R. 458, 235 S.W. 1093, 1094 (1921) (charge limited jury's consideration to second count [possession of intoxicating liquor] and was tantamount to acquittal of first count [selling intoxicating liquor] not submitted. On appeal conviction on second count was reversed as statute upon which based had been repealed.); *Johnson v. State*, 97 Tex.Cr.R. 658, 263 S.W. 924, 925 (1924) (State's abandonment of first count after jeopardy attached precludes the State from further prosecution of that phase of the offense. Conviction based on second count reversed, retrial permitted only on second count.); *Gilliam v. State*, 131 Tex. Cr.R. 8, 96 S.W.2d 86, 88 (1936) (Defendant could not be retried upon second and third counts which were abandoned by State at first trial when only first count was submitted to the jury.); *Black v. State*, 143 Tex.Cr.R. 318, 158 S.W.2d 795 (1942) (*submission of first count only and withdrawal of second count was a dismissal, an "acquittal" of second count*); *Parish v. State*, 145 Tex.Cr.R. 117, 165 S.W.2d 748, 750 (1942) (failure to submit first count was tantamount to dismissal of that count); *Ex parte Scelles*, 511 S.W.2d 300, 301 (Tex.Cr. App.1974) (where State elected only to have first count submitted to jury at first trial, subsequent prosecution on second count was barred under the doctrine of double jeopardy); *Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Cr.App.1978) (*Double jeopardy bars any subsequent reprosecution of an abandoned count*). (Emphasis supplied.)

And more recently in *Garza v. State*, 658 S.W.2d 152 (Tex.Cr.App.1982), this Court again held that an abandonment of a count after jeopardy has attached always bar retrial of the abandoned count. In facts somewhat similar to the instant case, the State, at the first trial, elected to proceed only on the first count of the indictment (aggravated assault) and to abandon the second count (felony riot). The jury was unable to reach a verdict on the first count

and a mistrial was declared. At the second trial the State prosecuted the defendant on the same indictment. This time the State abandoned the first count and the second count only (previously abandoned) was submitted. The jury convicted defendant of felony riot. That conviction was reversed on the basis of double jeopardy.

In *Chapin v. State*, 671 S.W.2d 608, 610 (Tex.App.—Houston [1st Dist.] 1984), the court through Justice Cohen stated:

"Since the State voluntarily abandoned the possession count at the punishment phase of the trial there is no 'manifest necessity' for a retrial on the possession accusation. A retrial on that offense is barred by double jeopardy. *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App. 1974). See also *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 829–30, 54 L.Ed.2d 717 (1978)."

As Chief Justice Reynolds explained in *Moore v. State*, 631 S.W.2d 245, 249 (Tex. App.—Amarillo 1982),

"It is settled that jeopardy, in the sense of the constitutional guarantee against double jeopardy, attaches when the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24A (1978); *McElwee v. State*, 589 S.W.2d 455, 457 (Tex.Cr.App. 1979). Accordingly, when the indictment's second count was dismissed after jeopardy attached when the jury was impaneled and sworn, the dismissal was tantamount to an acquittal of the charge of aggravated assault, *Black v. State*, 143 Tex.Cr.R. 318, 158 S.W.2d 795, 796 (1942); and, thereafter, appellant cannot be prosecuted for that act. *Ex parte Scelles*, 511 S.W.2d 300, 301 (Tex.Cr.App. 1974)."

In 22 C.J.S., Criminal Law, § 257, p. 668, it is written:

"With respect to the operation of the rule of double jeopardy the withdrawal of a count of an indictment from the consideration of the jury amounts to an acquittal of the charge contained in that count."

As had been seen, generally, once jeopardy attaches for purposes of double jeopardy a defendant possesses a valued right to have his guilt or innocence determined by first trier of facts. There are exceptions. *Torres v. State*, 614 S.W.2d 436 (Tex.Cr. App.1981); *Scholtes v. State*, 691 S.W.2d 84 (Tex.App.—Houston [1st Dist.] 1985).

Where the defendant moves for or requests a mistrial then his retrial is not barred by double jeopardy in absence of evidence that conduct of prosecutor giving rise to the successful motion for mistrial was intended to provoke defendant into moving for a mistrial. *Crawford v. State*, 703 S.W.2d 655 (Tex.Cr.App.1986); *Fields v. State*, 627 S.W.2d 714 (Tex.Cr.App.1982), *cert. den.* 459 U.S. 841, 103 S.Ct. 91, 74 L.Ed.2d 84; *Chamberlain v. State*, 146 Tex.Cr.R. 300, 174 S.W.2d 604 (1943); Tex. Jur.3rd, Vol. 21, Crim.Law, § 1642, p. 458; 21 Am.Jur.2d, Crim.Law, § 286, p. 504.

Another exception is where the mistrial occurs because of "manifest necessity" such as jurisdictional defect in the indictment, *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Ward v. State*, 520 S.W.2d 395 (Tex.Cr.App.1975); *McClendon v. State*, 583 S.W.2d 777 (Tex. Cr.App.1979), a prejudicial opening statement by defense counsel, *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed. 2d 717 (1978); *McClendon v. State*, supra; and for other reasons. See Tex.Jur.3rd, Vol. 21, Crim. Law, § 1639, p. 452. In such cases a retrial is not barred by the doctrine of double jeopardy.

Where the insufficiency of evidence is not at issue double jeopardy does not attach if a new trial is granted upon the defendant's motion or request. *Franklin v. State*, 693 S.W.2d 420 (Tex.Cr.App.1985), *cert. den.* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346; *Castleberry v. State*, 646 S.W.2d 599 (Tex.App.—Houston [1st Dist.] 1983), *reversed on other grounds*, 704 S.W.2d 21; *Tenery v. State*, 680 S.W.2d 629 (Tex.App.—Corpus Christi 1984), PDR ref'd., 22 C.J.S., Criminal Law, § 272, p. 700.

Also where the reversal on appeal of a conviction is based on trial error as distinguished solely from evidentiary insufficiency [*Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57

L.Ed.2d 15 (1978) ], retrial is not barred by double jeopardy. *United States v. Mize,* 820 F.2d 118 (5th Cir.1987), *cert. den.* —— U.S. ——, 108 S.Ct. 328, 98 L.Ed.2d 355; *Millard v. Lynaugh,* 810 F.2d 1403 (5th Cir.1987), *cert. den.* —— U.S. ——, 108 S.Ct. 122, 98 L.Ed.2d 81; *Harris v. State,* 738 S.W.2d 207 (Tex.Cr.App.1986), *cert. den.* —— U.S. ——, 108 S.Ct. 207, 98 L.Ed.2d 159. See also Tex.Jur.3rd, Vol. 21, Crim. Law, § 1644, p. 462.

Another exception and one pertinent to the instant case is that of a hung jury. A trial judge may discharge a jury who is genuinely deadlocked or "hung" and double jeopardy is not a bar to a retrial.[2] The hung jury situation meets the "manifest necessity" test. See Tex.Jur.3rd, Vol. 21, Crim. Law, § 1641, p. 456. See also 22 C.J.S., Crim.Law, § 260, p. 679; *United States v. Perez,* 9 Wheat (22 U.S.) 579, 6 L.Ed. 165 (1824).

In the instant case a mistrial in Cause No. 275709 was declared at the first trial after the jury was unable to agree on a verdict as to "the unauthorized use of a motor vehicle" count, the only count submitted after the abandonment of the theft count. The mistrial was declared by the court not only within its discretion but with the consent of the appellant. A second trial ensued on the "unauthorized use" count alone and the second jury was unable to reach a verdict and a second mistrial was declared again with appellant's consent. A third trial upon the "unauthorized use" count would not be barred by the doctrine of double jeopardy. However, at the third trial the State waived such count and turned to the theft count originally abandoned at the first trial.

In such circumstances the double jeopardy clauses of both the federal and state constitutions as well as Article 1.10, V.A.C. C.P., clearly call for the relief prayed for by the applicant. See *Garza v. State,* supra.

The majority overrules *Garza,* supra, and denies relief finding no violation of the doctrine of double jeopardy and that the State was entitled to its second bite at the apple. The majority takes the unique position that the mistrial at the first trial somehow revived the State abandoned theft count upon which applicant had been placed in jeopardy, and that at a third trial applicant could be convicted upon said theft count without the doctrine of double jeopardy being implicated. The majority quotes a few carefully chosen excerpts from federal cases only to give a judicial glow to a preconceived notion. The out of context excerpts are misleading. The cases cited do not support the majority position.

In support of its position the majority quotes twice from *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). First, we are told "[A] trial court's declaration of mistrial following a hung jury is *not* an event that *terminates the original jeopardy* to which petitioner was subjected" (468 U.S. at 326, 104 S.Ct. at 3086) and next that "The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and *jeopardy does not terminate* when the jury is discharged because it is unable to agree." (468 U.S. 326, 104 S.Ct. at 3086) (emphasis supplied by majority). Of course, nothing very startling or new appears in either statement quoted.

In *Richardson* the petitioner was indicted on three counts of federal narcotics violations. At his trial the jury acquitted him on one of the counts and was unable to agree as to the other two. The United States District Court declared a mistrial because of the hung jury on the remaining counts "and set them down for trial." The defendant then filed a motion to bar his retrial on the said two counts claiming a violation of the Double Jeopardy Clause of the Fifth Amendment because the Govern-

---

**2.** It is further observed that Article 36.31, V.A.C. C.P., provides that after a case is submitted to a jury, the jury may be discharged when it cannot agree and both parties consent, or the court may in its discretion discharge the jury where it has been kept together for such time as to render it altogether improbable that it can agree. Article 37.07, § 3(c), V.A.C.C.P., provides that if the jury at a bifurcated trial fails to agree on punishment after finding the defendant guilty "a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach."

ment failed to present sufficient evidence to convict on these two counts at the first trial. The motion was denied and petitioner appealed. The Court of Appeals dismissed the appeal for lack of jurisdiction under 28 U.S.C. § 1291. The Supreme Court held that petitioner had raised a colorable double jeopardy claim appealable under 28 U.S.C. § 1291. On the merits, however, the Court held that, regardless of the sufficiency of the evidence at the first trial, petitioner had no valid double jeopardy claim. The Court reasoned that the mistrial following a hung jury was not an event that terminated original jeopardy as to the two remaining counts, and the Government was entitled to a resolution of the two counts. The Court upheld the District Court denial of motion to bar retrial of the two remaining counts.

There is nothing in *Richardson* that indicates that because of the mistrial the Government was entitled to a retrial of the count upon which petition had been acquitted. Only the two remaining counts were involved.[3] *Richardson* is not in point.

The majority quotes from *Serfass v. United States*, 420 U.S. 377, 393, 95 S.Ct. 1055, 1065, 43 L.Ed.2d 265 (1975), that "an accused must suffer jeopardy before he can suffer double jeopardy." Serfass was indicted for willful failure to report for and submit to induction into the Armed Forces. He filed a pretrial motion to dismiss the indictment because the local board had failed to state adequate reasons for refusing to reopen his file and to follow other procedures. The United States District Court granted the pretrial motion to dismiss. The Government appealed under 18 U.S.C., § 3731. The Court of Appeals rejected petitioner's contention it lacked jurisdiction under § 3731 because the Double Jeopardy Clause barred further prosecution. It reversed. The Supreme Court held that the Double Jeopardy Clause did not bar the appeal under § 3731 from a pretrial order dismissing the indictment since the defendant had not been "put to trial before the trier of the facts, whether

the trier be a jury or a judge. *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)."

*Serfass* is a far cry from the instant case where the applicant was actually put to trial before the jury on the theft count which was later voluntarily abandoned by the State during the trial itself. Thus the quote from *Serfass* is clearly not applicable.

The majority also seeks to utilize lifted quotes from *Wade v. Hunter*, 336 U.S. 684, 688–689, 69 S.Ct. 834, 836–837, 93 L.Ed. 974 (1949), to the effect that the Double Jeopardy Clause does not mean "that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails or ends in a final judgment" and that a "defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trial designed to end in just judgments."

*Wade v. Hunter*, supra, involved trial by a general court-martial on a charge of rape during the invasion of Germany by American armed forces in World War II. The first general court-martial was continued to permit hearing of the other witnesses, but the tactical military situation thereafter made prompt trial impossible and the charges were transmitted to another headquarters with recommendations for trial by a new court-martial. The Supreme Court held, given the circumstances, the Double Jeopardy Clause of the Fifth Amendment did not bar trial before the second court-martial.

The quotes from *Wade v. Hunter*, supra, have no real significance to the factual situation in the instant case.

The majority also cites and quotes *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), and *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed. 2d 199 (1957). Those cases involved convictions for a lesser included offense followed by reversal on appeal and an effort on

---

3. In the instant case no one has contended that after the mistrial the State was unable to try the "unauthorized use of a vehicle count" again, this being the only count submitted to the jury at the first trial.

retrial to convict the defendants of the greater offense. In *Green* the Government's effort was successful on retrial and in *Price* the retrial resulted in a second conviction for the lesser included offense although conviction for the greater offense was sought. In both cases it was held that the Double Jeopardy Clause was violated. These cases cannot be validly cited for the proposition that in *all* cases for double jeopardy to apply the issue of guilt must be determined by a verdict of the jury upon which a judgment may be rendered. See *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

Relying solely upon federal decisions the majority would hold that where jeopardy attaches and the defendant is called upon to run the gauntlet on both counts of an indictment upon which the trial is being conducted, and the State waives and which the trial is being conducted, and the State waives and abandons one count and the court withdraws that count from the jury's consideration and submits only the other count to the jury in its charge, then a mistrial because of a hung jury on the submitted count revives all counts in the indictment and subjects the defendant to a retrial on the abandoned count without violation of the double jeopardy provisions of

the federal and state constitutions and Article 1.10, V.A.C.C.P.

This is not the law, has never been the law, and should never be the law. My color is still amazed.[4]

Applicant is presently under confinement in said Cause No. 330638 for life. Since the prior conviction in said Cause No. 275709 was improperly used for enhancement of punishment I would grant the relief prayed for. I would set aside the punishment assessed in said Cause No. 330638 and order that in accordance with Article 44.29, V.A.C.C.P., as amended in 1987, a new trial as to punishment be conducted under Article 37.07, § 2(b), V.A.C.C.P., without the use of the prior conviction in said Cause No. 275709.

For the refusal of the majority to do so I vigorously dissent to the overruling of the applicant's motion for rehearing without written opinion.

McCORMICK, TEAGUE and MILLER, JJ., join this opinion.

4. See *Aldrighetti v. State,* 507 S.W.2d 770, 775 (Tex.Cr.App.1974) ("Color me amazed."—Onion, P.J., dissenting); *Taylor v. State,* 508 S.W.2d 393, 397 (Tex.Cr.App.1974) (Onion, P.J., dissenting); *Lawson v. State,* 604 S.W.2d 91, 92 (Tex. Cr.App.1979) (footnote # 1); *Antunez v. State,* 647 S.W.2d 649, 651 (Tex.Cr.App.1983) (Onion, P.J., dissenting); *McClain v. State,* 687 S.W.2d 350, 357 (Tex.Cr.App.1985) (Onion, P.J., dissent-

ing); *Chapa v. State,* 729 S.W.2d 723, 729 (Tex. Cr.App.1987) (Onion, P.J., dissenting). See also *Ex parte Johnson,* 697 S.W.2d 605, 616 (Tex.Cr. App.1985) (Teague, J., dissenting); *Jenkins v. State,* 689 S.W.2d 216 (Tex.Cr.App.1984) (Teague, J., dissenting); *Explorers Motor Home Corp. v. Aldridge,* 541 S.W.2d 851, 855 (Tex.Civ.App.– Beaumont 1976) (Keith, J., dissenting).