TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00658-CR






Royal Gene Minshew, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6601, HONORABLE JOE CARROLL, JUDGE PRESIDING







A jury found appellant Royal Gene Minshew guilty of aggravated assault and assessed
punishment at imprisonment for ten years and a $10,000 fne. Tex. Penal Code Ann. § 22.02(a)(1) (West
1994). On the jury's recommendation, the district court suspended imposition of sentence and placed
appellant on community supervision. We will affirm the district court's judgment of conviction.

On August 22, 1995, appellant drove his van past Russell Clarke's residence at a speed
Clarke considered excessive. A few minutes later, when he saw appellant returning, Clarke stepped into
the road and held up his hand, intending to stop appellant and ask him to drive more slowly. Appellant
swerved and struck Clarke with the van, then stopped and began to beat Clarke with a construction tool. 
Clarke sustained a broken leg and other injuries in this incident.

Appellant was originally indicted in Lampasas County cause number 6509. That indictment
contained three counts accusing him of attempted murder, aggravated assault with a deadly weapon, and
aggravated assault with serious bodily injury. Each count alleged that appellant struck Clarke with the
construction tool; there was no allegation that appellant struck Clarke with the van. At appellant's trial in
cause number 6509, a mistrial was declared after the jury could not reach a verdict. It is agreed that the
jury informed the court in a note that it had voted to acquit appellant on counts one and two, attempted
murder and aggravated assault with a deadly weapon, but could not reach a verdict with regard to the
remaining count.

Following the mistrial, appellant was reindicted in the present cause. The new indictment
contained four counts, two alleging aggravated assault with a deadly weapon (counts one and two) and two
alleging aggravated assault with serious bodily injury (counts three and four). These counts alternately
alleged that appellant struck Clarke with a construction tool (counts one and three) and with a motor
vehicle (counts two and four). Appellant filed a "plea of jeopardy" pointing out that the first count of the
new indictment was identical to the second count of the old indictment, as to which the first jury had voted
to acquit. For that reason, the motion urged that prosecution on count one of the new indictment was
barred by prior acquittal. The district court sustained the motion and ordered count one of the new
indictment quashed. Ultimately, only count four of the new indictment, alleging that appellant intentionally,
knowingly, or recklessly caused serious bodily injury to Clarke by striking him with a motor vehicle, was
submitted to the jury. 

Appellant now contends that his trial and conviction under count four of the new indictment
constituted double jeopardy. Although he does not expressly say so, his argument in support of this
contention relies on the collateral estoppel component of guarantee against double jeopardy. See Ashe v.
Swenson, 397 U.S. 436 (1970). He argues as follows: (1) count two in cause number 6509 alleged that
appellant caused bodily injury to Clarke by striking him with a construction tool, a deadly weapon; (2) the
first jury voted to acquit appellant on count two, thereby finding that he did not cause bodily injury to
Clarke as alleged; (3) the jury's finding estopped the State from relitigating the bodily injury element; (4)
because a finding of serious bodily injury necessarily requires a finding of bodily injury, the State was
improperly allowed to relitigate an issue decided against it at the first trial. The argument fails for at least
two reasons.

First, the collateral estoppel doctrine bars relitigation of issues actually determined at a
previous trial. Ashe, 397 U.S. at 442. In order to determine whether the State is collaterally estopped
from relitigating an issue in a criminal case, a court must examine the record of the prior proceeding and
conclude whether a rational jury could have grounded its verdict upon an issue other than that which the
defendant seeks to foreclose from consideration. Id. at 444. The record from cause number 6509 is not
before us. The jury's decision to acquit appellant on count two of cause 6509 might have been based on
a finding that the State failed to prove bodily injury, but it might instead have been based on a finding that
the State failed to prove that the bodily injury was caused by appellant striking Clarke with the construction
tool, or on a finding that the construction tool was not shown to be a deadly weapon. On the record before
us, appellant has failed to demonstrate that the jury at the first trial necessarily determined that appellant did
not inflict bodily injury to Clarke.

Second, appellant's trial in cause number 6509 did not end in a verdict and final judgment. 
Absent a verdict on which a final judgment might be rendered, appellant remained under the initial jeopardy. 
Ex parte McAfee, 761 S.W.2d 771, 773 (Tex. Crim. App. 1988). In McAfee, the State abandoned one
count of a two-count indictment after the defendant's first trial began. The jury could not reach a verdict
on the remaining count and a mistrial was declared. The Court of Criminal Appeals held that double
jeopardy did not bar the State from retrying the defendant on the previously abandoned count because,
absent a final judgment at the first trial, the defendant's original jeopardy continued. Similarly, the jury in
cause number 6509 did not return a verdict of acquittal on any count of that indictment, and no judgment
of acquittal was rendered. The jury merely told the court in a note that it had voted to acquit appellant on
two of the three counts. This did not terminate appellant's jeopardy on those counts and a retrial was not
barred on double jeopardy grounds.

For the above reasons, point of error two is overruled.

In his remaining point of error, appellant contends the district court erred by refusing to
admit in evidence the indictment in cause number 6509. Appellant argues without citation to pertinent
authority that he should have been allowed to introduce the indictment to show that the State had changed
its theory of prosecution.

Evidence that is not relevant is inadmissible. Tex. R. Evid. 402. Evidence is not relevant
if it does not have a tendency to make the existence of any fact of consequence to the determination of the
action more or less probable than it would be without the evidence. See Tex. R. Evid. 401. The State's
failure to allege in the first indictment that appellant injured Clarke by striking him with a motor vehicle did
not make that fact any less probable. Hence, the first indictment was irrelevant and the district court
properly refused to admit it in evidence. Point of error one is overruled.

The judgment of conviction is affirmed.



 

 John Powers, Justice 

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 2, 1998

Do Not Publish



the motion and ordered count one of the new
indictment quashed. Ultimately, only count four of the new indictment, alleging that appellant intentionally,
knowingly, or recklessly caused serious bodily injury to Clarke by striking him with a motor vehicle, was
submitted to the jury. 

Appellant now contends that his trial and conviction under count four of the new indictment
constituted double jeopardy. Although he does not expressly say so, his argument in support of this
contention relies on the collateral estoppel component of guarantee against double jeopardy. See Ashe v.
Swenson, 397 U.S. 436 (1970). He argues as follows: (1) count two in cause number 6509 alleged that
appellant caused bodily injury to Clarke by striking him with a construction tool, a deadly weapon; (2) the
first jury voted to acquit appellant on count two, thereby finding that he did not cause bodily injury to
Clarke as alleged; (3) the jury's finding estopped the State from relitigating the bodily injury element; (4)
because a finding of serious bodily injury necessarily requires a finding of bodily injury, the State was
improperly allowed to relitigate an issue decided against it at the first